JOHN S. BATTENFELD, State Bar No. 119513
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
E-mail: jbattenfeld@morganlewis.com

ERIC MECKLEY, State Bar No. 168181
KATHRYN M. NAZARIAN, State Bar No. 259392
REBECCA LICHT JENSEN, State Bar No. 267752
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: emeckley@morganlewis.com
E-mail: knazarian@morganlewis.com
E-mail: rjensen@morganlewis.com

Attorneys for Defendants
CLAIRE'S STORES, INC., CLAIRE'S BOUTIQUES, INC., CBI DISTRIBUTING CORPORATION and SHELLEY MUZSEK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MAYRA QUINTANA, ELIZABETH SANCHEZ, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees,

Plaintiffs,

vs.

CLAIRE'S STORES, INC., a Florida corporation; CBI DISTRIBUTING CORPORATION, a Florida corporation; CLAIRE'S BOUTIQUES, INC., a Colorado corporation, SHELLY MUZECK, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. CV 13-00368 PSG

**DEFENDANT SHELLEY MUZSEK'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P 12(C)**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: May 7, 2013
Time: 10:00 a.m.
Location: Courtroom 5
Judge: Honorable Paul S. Grewal

Complaint Filed: December 21, 2012
Trial Date: Not Set

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 2

II. LEGAL ARGUMENT .......... 2

A. Legal Standard For Judgment on the Pleadings .......... 2

B. The Complaint Should Be Dismissed Against Muzsek Because It Fails To State Any Claim Upon Which Relief Can Be Granted .......... 3

1. Individual Defendant Muzsek Cannot Be Held Liable For Civil Penalties Under The PAGA .......... 4

2. Even If PAGA Could Create Individual Liability, The Complaint Does Not Allege Substantive Facts To Support Liability Pursuant to the Applicable Standard Set Forth In *Twombly* and *Iqbal* .......... 8

III. CONCLUSION .......... 9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Albrecht v. Lund*,
845 F.2d 193 (9th Cir. 1988) .......... 3

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) .......... 2, 3, 8, 9

*Becket v. Welton Becket & Assocs*.,
39 Cal.App.3d 815 (1974) .......... 6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2, 3, 8

*Caliber Bodyworks, Inc. v. Superior Ct.*,
134 Cal. App. 4th 365 (2005) .......... 5

*Fiol v. Doellstedt,*
50 Cal.App.4th 1318 (1996) .......... 6

*Franco v. Athens Disposal Co.*,
171 Cal. App. 4th 1277 (2009) .......... 5

*Hayden v. Paterson*,
594 F.3d 150 (2d Cir. 2010) .......... 3

*Helm v. Alderwoods Group, Inc*.,
696 F. Supp. 2d 1057 (N.D. Cal. 2009) .......... 6

*Martinez v. Antique & Salvage Liquidators, Inc*.,
No. C09-00997, 2011 U.S. Dist. LEXIS 19198 (N.D. Cal. February 25, 2011) .......... 6

*Ochoa-Hernandez v. Cjaders Foods, Inc.,*
No. C 08-02073 MHP*,* 2009 U.S. Dist. LEXIS 42481 (N.D. Cal. May 18, 2009) .......... 6

*Ontiveros v. Zamora,*
No. CIV. S-08-567, 2009 U.S. Dist. LEXIS 13073 (E.D. Cal. February 20, 2009) .......... 6

*Ramirez v. HMS Host USA, Inc.,*
2012 U.S. Dist. LEXIS 170676 (N.D. Cal. Nov. 30, 2012) .......... 7

*Reno v. Baird,*
18 Cal.4th 640 (1998) .......... 6

*Reynolds v. Bement*,
36 Cal.4th 1075 (2005) (overruled on other grounds by *Martinez v. Combs*, 49 Cal.4th 35 (2010)) .......... 2, 4, 5

*Ruiz v. Paladin Group, Inc.*,
2003 WL 22992077 (C.D. Cal. Sept. 29, 2003) .......... 5

**TABLE OF CONTENTS**
(continued)

**Page**

*Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112 (2012)........ 6

*U.S. ex rel. Cafasso v. Gen. Dynamics*, 637 F.3d 1047 (9th Cir. 2011)........ 2

*Velazquez v. HMS Host USA, Inc.*, 2012 U.S. Dist. LEXIS 172801 (E.D. Cal. Dec. 4, 2012)........ 7

*Vigil v. HMS Host*, 2012 U.S. Dist. LEXIS 112928 (N.D. Cal. Aug. 10, 2012)........ 7

**STATUTES**

Lab. Code
§ 558........ passim
§ 558(a)........ 5
§§ 2698 *et seq*. ("PAGA")........ passim
§ 2699........ 4

**RULES AND REGULATIONS**

Fed. R. Civ. P. 12(b)(6)........ 2, 3

Fed. R. Civ. P. 12(c)........ 2, 3

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on May 7, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Paul Singh Grewal, in Courtroom 5 of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, California, Defendant Shelley Muzsek (erroneously sued as "Shelly Muzeck") will and hereby does move this Court for judgment on the pleadings as to Muzsek, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

This Motion is made on the grounds that the sole claim against Muzsek set forth in the Seventh Cause of Action must be dismissed because Muzsek was not Plaintiffs' employer and only employers can be sued under PAGA. Further, there are no allegations meeting federal pleading standards that could plausibly support a finding that Muzsek violated, or caused any violations of, the Labor Code. Therefore, Muzsek cannot be held individually liable for civil penalties under the Private Attorneys General Act, codified at California Labor Code Section 2698 *et seq*. ("PAGA").

Defendant Muzsek's Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, all matters on which this Court may take judicial notice, oral argument of counsel at the hearing, the files and records in this action, and on such other and further argument and evidence as may be presented at or before the hearing on this matter.

Dated: April 2, 2013

MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD
ERIC MECKLEY
KATHRYN M. NAZARIAN

By *_/S/ Eric Meckley_*
ERIC MECKLEY

Attorneys for Defendants
CLAIRE'S STORES, INC., CLAIRE'S BOUTIQUES, INC., CBI DISTRIBUTING CORPORATION and SHELLEY MUZSEK

## I. INTRODUCTION

Individual defendant Shelley Muzsek ("Muzsek") served as a mere supervisor of Plaintiffs Elizabeth Sanchez and Mayra Quintana (collectively, "Plaintiffs"). Yet Plaintiffs seek to recover penalties against Muzsek under the Private Attorneys General Act, codified at California Labor Code Section 2698 *et seq*. ("PAGA"). Only "aggrieved employees" may bring an action for penalties under the PAGA, and an "aggrieved employee" is defined under the PAGA to mean any person who was **employed by the alleged violator**. The California Supreme Court decision in *Reynolds v. Bement*, 36 Cal.4th 1075, 1087 (2005) makes clear that a supervisor does not **employ** his or her subordinate. Thus, there is no dispute that Muzsek, who served as the district manager for the district in which Plaintiffs worked, did not employ the Plaintiffs. Consequently, Plaintiffs are not, by definition, "aggrieved employees" of Muzsek, and Muzsek cannot be held individually liable for any alleged PAGA penalties. Therefore, the PAGA claim must be dismissed against her without leave to amend.

Even if a PAGA claim could be asserted against Muzsek, Plaintiffs' Complaint fails to allege any substantive facts to support a claim asserted against her. The mere recitation of legal elements of each cause of action, without more, is insufficient to state a claim, as the United States Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). Plaintiffs' Complaint as to Muzsek merely recites conclusions without facts and so fails to meet the minimum federal pleading standards required to state a right to relief. For this additional reason, the Seventh Cause of Action, which is the only claim alleged against Muzsek, fails to state a claim against Muzsek and the Court should grant her motion for judgment on the pleadings.

## II. LEGAL ARGUMENT

### A. Legal Standard For Judgment on the Pleadings

A party may move for judgment on the pleadings after the pleadings close and before the trial commences. Fed. R. Civ. Proc. 12(c). The same standard applies to motions under Rule 12(b)(6) and Rule 12(c). *U.S. ex rel. Cafasso v. Gen. Dynamics*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) ("Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the standard of review

applies to motions brought under either rule"); *Hayden v. Paterson*, 594 F.3d 150, 157 n.4 (2d Cir. 2010) ("in deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6).").

A complaint can survive a challenge under Rule 12(b)(6) or Rule 12(c) only where the plaintiff alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (emphasis added). The Supreme Court has identified a two-pronged approach to determine the sufficiency of a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The first step requires the court to strip away conclusory allegations. *Id*. The court then determines whether the remaining "well-pleaded, nonconclusory factual allegation[s]" give rise to a plausible claim. *Id*. Where the deficiencies in a particular claim cannot be cured by amendment, the court may dismiss such claims without leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (holding that dismissal of a claim without leave to amend is proper where the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.

Here, application of the standards set forth in *Twombly* and *Iqbal* to Plaintiffs' Seventh Cause of Action against defendant Muzsek makes clear that this Court should dismiss Plaintiffs' Complaint as to defendant Muzsek without leave to amend because Plaintiffs have not met and cannot meet the requisite minimal pleading standards.

### B. <u>The Complaint Should Be Dismissed Against Muzsek Because It Fails To State Any Claim Upon Which Relief Can Be Granted</u>

Plaintiffs' Seventh Cause of Action seeks to recover PAGA civil penalties against Muzsek based upon an alleged violation of Labor Code § 558 and premised upon Muzsek's alleged: (1) failure to pay overtime wages to Plaintiffs and other aggrieved employees; (2) failure to compensate Plaintiffs and other aggrieved employees for all hours worked with at least minimum wages; (3) failure to provide Plaintiffs and other aggrieved employees with meal and rest periods or compensation in lieu thereof; (4) failure to reimburse Plaintiffs and other aggrieved employees for all necessary business-related costs and expenses; (5) failure to provide accurate wage statements to Plaintiffs and other aggrieved employees; (6) failure to timely pay all earned wages

to Plaintiffs and other aggrieved employees upon discharge; and (7) failure to provide meal and rest periods to Plaintiffs and the aggrieved employees. Compl. ¶84.

The sum total of Plaintiffs' allegations against Muzsek are that, "upon information and belief," (i) Muzsek resides in the State of California and was Plaintiffs' "district manager"; (ii) Each of the "acts and omissions" alleged in the Complaint was "performed by, or is attributed to," all of the named defendants and Doe defendants, and all acts "were in accordance with, and represent, the official policy of "Defendants"; and (iii) Defendants each ratified and "aided and abetted" each other's "acts and omissions." Compl. ¶¶ 12, 15-16.

The Complaint makes no substantive factual allegations with regard to any specific conduct by Muzsek that involved wage and hour violations. The complete absence of any substantive allegations relating to Muzsek shows that her inclusion as a named defendant was intended solely to defeat diversity jurisdiction. Merely invoking Muzsek's status as a named defendant is clearly insufficient to subject an individual to individual liability, especially when wage and hour suits against individuals are contrary to established law. Plaintiffs have no basis to sue Muzsek for PAGA violations.

1. Individual Defendant Muzsek Cannot Be Held Liable For Civil Penalties Under The PAGA

The PAGA does not allow claims against individual supervisors such as Muzsek. Specifically, the PAGA allows only an "aggrieved employee" to bring a civil action to recover penalties for violation of certain Labor Code provisions. An "aggrieved employee" is defined as "any person who was *employed* by the alleged violator." Lab. Code § 2699 (emphasis added). Here, it is undisputed that Muzsek did not employ Plaintiffs or any putative class member. Plaintiffs were employed solely by the corporate entity Defendant Claire's Boutiques, Inc. ("Claire's") (*see* Dkt. No. 2, Talenco Declaration in support of Notice of Removal, ¶4), and Plaintiffs' PAGA claims are expressly limited to claims against their employer, Claire's. Consequently, Plaintiffs may not assert a PAGA claim against Muzsek. *Id.* § 2699(a), (c); *see also Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1087-88 (overruled on other grounds by *Martinez v. Combs*, 49 Cal.4th 35 (2010)) (rejecting plaintiff's attempt to argue that the

"exercises control" language in the definition of employer in the wage orders imposes individual liability on supervisors under the Labor Code).

Plaintiffs have argued in their Motion to Remand – and have repeated this legal conclusion in their Complaint (*see* Compl. ¶ 87) that under Labor Code § 558(a) they can recover PAGA penalties against an individual who violates certain provisions of the law while "acting on behalf of an employer." First, although § 558 may create a basis for the Labor Commissioner to seek penalties against certain persons, PAGA only authorizes private attorney general actions against employers, as explained above. Second, even if there could be individual liability under § 558, any such liability is limited to "high level" executives (e.g., directors, officers, owners). Here, Plaintiffs fail to allege <u>any</u> substantive facts that would establish a plausible basis for individual liability against Muzsek, especially given the declaration filed by Claire's with its removal pleading (*see* Dkt. No. 2) describing Muzsek's limited supervisory role.

Prior to PAGA, the law was clear that only the Labor Commissioner could sue to enforce § 558. *Ruiz v. Paladin Group, Inc.*, 2003 WL 22992077, at *2 (C.D. Cal. Sept. 29, 2003) (holding that plaintiff's claim for penalties under § 558 could not withstand a motion to dismiss, because § 558 did not create a private right of action). The § 558 "comprehensive administrative scheme, together with the absence of reference to a private right of action, strongly suggests that the Legislature did not intend to create a private right of action." *Id.*; *see also Caliber Bodyworks, Inc. v. Superior Ct.*, 134 Cal. App. 4th 365, 377-78, 381-86 (2005) (discussing "civil penalties" under the Labor Code which were enforceable only by California's labor law enforcement agencies); *Franco v. Athens Disposal Co.*, 171 Cal. App. 4th 1277, 1300 (2009) (stating that "[b]efore the PAGA was enacted, an employee . . . could not collect civil penalties").

Although PAGA may have created a mechanism for civil penalties to be collected from <u>employers</u> by private attorneys general, there is nothing in the language or purpose of PAGA even suggesting that it was intended to expose an individual supervisor to individual liability for penalties. To date, no published appellate decision has ratified any theory of individual liability under Labor Code § 558. Indeed, Justice Moreno in a concurring opinion expressly noted that individual liability for PAGA penalties under Labor Code § 558 is "untested." *Reynolds*, 36

Cal.4th at 1094. *Thurman v. Bayshore Transit Mgmt., Inc*., 203 Cal. App. 4th 1112, 1145-46 (2012), cited by Plaintiffs in their Motion to Remand, does not hold otherwise. The defendants in *Thurman* were corporate entities, and *not* individual supervisors. *See id*.

Here, Plaintiffs' own allegations make clear that Muzsek was merely an employee acting in accordance with the policies of her employer. Compl. ¶¶ 12, 15-16. Such allegations negate any individual liability against individual employees under the well-settled California law. *See, e.g., Reno v. Baird,* 18 Cal.4th 640, 646-647 (1998) (managers are shielded from liability when they act within the course and scope of their employment); *Fiol v. Doellstedt,* 50 Cal.App.4th 1318, 1331 (1996) ("individual supervisory employees should not be placed at risk of personal liability"); *Becket v. Welton Becket & Assocs*., 39 Cal.App.3d 815, 822-23 (1974) (managerial employees cannot be held liable for acts taken within the course and scope of their employment). Indeed, Plaintiffs expressly allege that Muzsek was acting within the scope of her supervisory role with Claire's, in accordance with the "official policy" of Claire's, and with Claire's ratifying her actions. Compl. ¶¶ 15-16. Plaintiffs cannot in good faith allege that Muzsek was Plaintiffs' "employer." The Complaint contains no allegations that Plaintiffs performed any labor or services for Muzsek as an individual, or that Muzsek personally paid any of Plaintiffs' wages.

Although some federal courts have allowed PAGA actions against individuals to proceed past the pleading stage, those opinions were expressly limited to the unique circumstance where the individual defendants were **owners, officers, or executive-level managing agents** of the employer. *See, e.g., Martinez v. Antique & Salvage Liquidators, Inc*., No. C09-00997, 2011 U.S. Dist. LEXIS 19198, *4-6 (N.D. Cal. February 25, 2011) (order modifying grant of summary judgment finding that an individual owner of a company could be liable under the PAGA for violation of Labor Code § 558.); *Helm v. Alderwoods Group, Inc*., 696 F. Supp. 2d 1057, 1074 (N.D. Cal. 2009) (individual corporate officers may be personally liable under § 558); *Ochoa-Hernandez v. Cjaders Foods, Inc.,* No. C 08-02073 MHP, 2009 U.S. Dist. LEXIS 42481 (N.D. Cal. May 18, 2009) (court permitted amended complaint adding individuals who owned and controlled employer for the PAGA claim based upon § 558); *Ontiveros v. Zamora,* No. CIV. S-08-567 LKK/DAD, 2009 U.S. Dist. LEXIS 13073 (E.D. Cal. February 20, 2009) (finding on

motion for judgment on the pleadings that allegation that owner of company caused Labor Code violations was adequate for § 558). In each of these cases, the courts allowed PAGA claims to proceed based on § 558 against owners, officers, or corporate agents, **not individual employees who were mere supervisors.** And, any such PAGA claim pursued against this limited category of high-level employees has been further limited to those situations where the executive actually caused, in some appreciable way, the underlying Labor Code violations alleged in the complaint.

The cases upon which Plaintiffs rely in their Motion to Remand are distinguishable and they also are inconsistent with both the weight of authority and the policy against individual supervisor liability to the extent they suggest employees other than high level executives/owners could be held individually liable. In *Vigil v. HMS Host*, 2012 U.S. Dist. LEXIS 112928, *10-*11 (N.D. Cal. Aug. 10, 2012), the Court pointed to *specific factual allegations* of individual wrongdoing that the plaintiff made to support her claims against the individual defendant. *See also Ramirez v. HMS Host USA, Inc.,* 2012 U.S. Dist. LEXIS 170676 at *7-8 (N.D. Cal. Nov. 30, 2012) (relying on *Vigil).* In *Velazquez v. HMS Host USA, Inc.,* 2012 U.S. Dist. LEXIS 172801, *14-*15 (E.D. Cal. Dec. 4, 2012), the Court found significant the fact that the plaintiff could feasibly amend her complaint to allege that the individual defendant "took specific actions on behalf of the company to violate wage and hour provisions".[1]

Here, the Complaint alleges no "specific actions" by Muzsek, nor could it do so, given that Muzsek is merely a supervisory employee who "has not had and does not have responsibility for establishing CBI's policies or procedures." *See* Dkt. No. 2, Talenco Decl. ¶ 10. Plaintiffs' attempt to rely on their vague and ambiguous catch-all phrase "Defendants" in the Complaint – without any specific allegations to support a finding that Muzsek was herself an owner, corporate officer, or other controlling person – is insufficient to create any basis for individual liability against Muzsek under the PAGA.

[1] The cases Plaintiffs cite are also inapplicable here because they did not apply the *Twombly/Iqbal* federal pleading standard, but rather the Ninth Circuit's standard for fraudulent joinder for purposes of determining whether to remand. *See, e.g., Vigil*, 2012 U.S. Dist. LEXIS at *10-*11; *Ramirez*, 2012 U.S. Dist. LEXIS 170676 at *7-*8; *Velazquez*, 2012 U.S. Dist. LEXIS 172801 at *14-*15.

2. Even If PAGA Could Create Individual Liability, The Complaint Does Not Allege Substantive Facts To Support Liability Pursuant to the Applicable Standard Set Forth In *Twombly* and *Iqbal*

Even if PAGA did create individual liability for supervisors (which it does not), the Complaint does not plead any substantive facts to support a finding that Muzsek did in fact "cause" any violations that could serve as the basis for personal liability under § 558. The sole allegations against Muzsek are as follows:

> Defendant SHELLEY MUZECK [sic] was and is, upon information and belief, an individual residing in the state of California, and was the district manager at the Claire's location where Plaintiffs worked. Pursuant to California Labor Code section 558 and PAGA, SHELLEY MUZECK [sic] is named as a "person acting on behalf of an employer" who violated, and caused to be violated, various sections of Division 2, Part 2, Chapter 1, and various sections of the applicable Industrial Welfare Commission Order which regulate days and hours of work. Only civil penalties and unpaid wages are sought against SHELLEY MUZECK [sic] pursuant to Labor Code section 558.
>
> …
>
> Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, CLAIRE'S, STORES, INC., CLAIRE'S BOUTIQUES, INC., SHELLEY MUZECK [sic], CBI DISTRIBUTING CORPORATION., and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.
>
> At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.
>
> Compl. ¶¶ 12; 15-16.

These purely conclusory and non-substantive allegations are the sum total of the references in the Complaint to Muzsek. Plaintiffs' Complaint provides simply no facts alleging what specific laws Muzsek violated or "caused" to be violated, much less how she did so. Indeed, there are no specific allegations of <u>any</u> conduct by Muzsek. Rather, Muzsek's name is simply attached to Plaintiffs' legal conclusions. This is precisely the type of pleading that is not allowed under the standard announced in *Twombly*. Factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 545, 557 (citations

omitted). "[N]aked assertions devoid of further factual enhancement" are inadequate. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citation omitted). Legal conclusions must be supported by factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949-50. As a result, the allegations in Plaintiffs' Complaint fail to state a claim against Muzsek and Muzsek is entitled to judgment as to Plaintiffs' Seventh Cause of Action.

## III. CONCLUSION

For the foregoing reasons, Defendant Muzsek respectfully requests that the Court grant her Motion for Judgment on the Pleadings and dismiss Plaintiffs' Seventh Cause of Action against her in its entirety and without leave to amend.

Dated: April 2, 2013

MORGAN, LEWIS & BOCKIUS LLP

By *\/S/ Eric Meckley*
ERIC MECKLEY

Attorneys for Defendants
CLAIRE'S STORES, INC., CLAIRE'S BOUTIQUES, INC., CBI DISTRIBUTING CORPORATION and SHELLEY MUZSEK