JOHN S. BATTENFELD, State Bar No. 119513
REBECCA LICHT JENSEN, State Bar No. 267752
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:      213.612.2500
Fax:      213.612.2501
E-mail:   jbattenfeld@morganlewis.com
E-mail:   rjensen@morganlewis.com

ERIC MECKLEY, State Bar No. 168181
KATHRYN M. NAZARIAN, State Bar No. 259392
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail:   emeckley@morganlewis.com
E-mail:   knazarian@morganlewis.com

Attorneys for Defendant
CLAIRE'S BOUTIQUES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAYRA QUINTANA, ELIZABETH SANCHEZ, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees,<br><br>Plaintiffs,<br><br>vs.<br><br>CLAIRE'S BOUTIQUES, INC., a Colorado corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 13-00368 PSG<br><br>**DEFENDANT CLAIRE'S BOUTIQUES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, SET ONE, NO. 1 AND REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, NOS. 10, 12, 14, 16, AND 17**<br><br>Date:      December 17, 2013<br>Time:      10:00 a.m.<br>Dept.:     Courtroom 5<br>Judge:     Honorable Paul S. Grewal<br><br>Complaint Filed:  December 21, 2012 |

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 24531688.3

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ........................................................................................ 1

II.   FACTUAL BACKGROUND ........................................................................ 4

III.  ARGUMENT ............................................................................................. 6

      A.   Plaintiff is Not Entitled to the Identities and Contact and Personal
           Information for the Putative Class ...................................................... 6

           1.   Plaintiffs Have Not Established, And Cannot Establish, A Prima
                Facie Showing That They Can Maintain A Rule 23 Class Claim or
                that Class-Wide Discovery Will Substantiate Their Class Claims ........... 8

           2.   Plaintiffs' Interrogatory Seeks Information Protected By The Right
                To Privacy ............................................................................ 13

      B.   Plaintiffs Are Not Entitled to the Time or Payroll Records of the Entire
           Putative Class ............................................................................... 15

           1.   Plaintiffs Have Not Shown that the Requested Discovery Is
                Relevant and/or Necessary for Their Class Claims ............................. 15

           2.   Discovery Beyond Plaintiffs' Individual Claims Is Unduly
                Burdensome and Harassing Where Plaintiffs Have Made No
                Showing of Class-Wide Wrongdoing ........................................... 17

           3.   Third-Party Employees Are Protected by the Right to Privacy ............... 18

      C.   To The Extent The Court Does Not Deny Plaintiffs' Motion In Its Entirety,
           The Court Should Limit The Disclosure to a 20% Random Sampling That
           Is Subject To A Belaire-West Opt Out Notice Procedure ..................... 20

IV.   CONCLUSION ......................................................................................... 22

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acevedo v. Ace Coffee Bar, Inc.*,
  248 F.R.D. 550 (N.D. Ill. 2008) ........................................................................................ 21

*Adair v. EQT Production Co.*,
  2012 WL 1965880 (W.D. Va. May 31, 2012) ..................................................................... 18

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) ............................................................................................. 12

*Babbitt v. Albertson's, Inc.*,
  1992 U.S. Dist. LEXIS 19091 (N.D. Cal. 1992) ................................................................ 12

*Belaire-West Landscape, Inc. v. Superior Court*,
  149 Cal. App. 4th 554 (2007) .................................................................................. 5, 6, 14, 21

*Binder v. Superior Ct.*,
  196 Cal. App. 3d 893 (1987) ............................................................................................. 19

*Board of Trustees v. Superior Ct.*,
  119 Cal. App. 3d 516 (1981) ........................................................................................ 18, 19

*Boeynaems v. LA Fitness International, LLC*,
  285 F.R.D. 331 (E.D. Pa. 2012) ....................................................................................... 18

*Brinker Restaurant Corp. v. Superior Court*,
  53 Cal. 4th 1004 (2012) .................................................................................................... 16

*Britt v. Superior Court*,
  20 Cal. 3d 844 (1978) ............................................................................................ 13, 14, 19

*Brown v. Federal Express Corp.*,
  249 F.R.D. 580 (C.D. Cal. 2008) ...................................................................................... 12

*Bullen v. Citigroup Global Markets*,
  No. C-09-04117-SBA (EDL) (N.D. Cal. June 3, 2010) ..................................................... 20

*Chavez v. Petrissans*,
  2008 WL 4177797 (E.D. Cal. Sept. 5, 2008) ................................................................... 17

*Chu v. Wells Fargo Invest., LLC*,
  No. C 05-4526 (N.D. Cal. Apr. 16, 2008) ......................................................................... 21

*Clarke v. Insight Global, Inc.*,
  No. CV 13-00357-H-BLM, Dkt No. 39 at p. 2 (S.D. Cal. Sept. 13, 2013) ...................... 8, 14

*Coleman v. Jenny Craig, Inc.*,
  2013 WL 2896884 (S.D. Cal. June 12, 2013) .................................................................. 19

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Crab Addison, Inc. v. Superior Court*,
169 Cal. App. 4th 958 (2008)...........................................................................14

*Currie-White v. Blockbuster, Inc.*,
2010 U.S. Dist. LEXIS 47071 (N.D. Cal. Apr. 15, 2010) ...................................20

*DeLodder v. Aertotek*,
No. CV 08-6044 (C.D. Cal. Oct. 20, 2009 & Dec. 18, 2009).........................8, 20

*Desimone v. Allstate Ins. Co.*,
1999 WL 33226248 (N.D. Cal. 1999).................................................................11

*Doninger v. Pac. Northwest Bell, Inc.*,
564 F.2d 1304 (9th Cir. 1977)..........................................................6, 8, 12, 17

*El Dorado Savings & Loan Ass'n v. Superior* Ct.,
190 Cal. App. 3d 342 (1987) .............................................................................19

*Feske v. MHC Thousand Trails Limited Partnership, et al.*,
Case No. 11-CV-4124-PSG, Dkt No. 51 (N.D. Cal. Apr. 3, 2012) .....................21

*Franco v. Bank of Amer.*,
2009 U.S. Dist LEXIS 111873 (S.D. Cal. Dec. 1, 2009)....................................20

*Grissom v. Vons Cos., Inc.*,
1 Cal. App. 4th 52 (1991)...................................................................................11

*Harding Lawson Assoc. v. Superior Ct.*,
10 Cal. App. 4th 7 (1992)...................................................................................19

*Hill v. Colorado*,
530 U.S. 703 (2000)...........................................................................................13

*Hill v. Eddie Bauer*,
242 F.R.D. 556 (C.D. Cal. 2007) ..................................................................12, 17

*Ho v. Ernst & Young, LLP*,
2007 WL 1394007 (N.D. Cal. May 9, 2007) .....................................................12

*In re Wells Fargo Home Mortgage Overtime Pay Litigation*,
571 F.3d 953 (9th Cir. 2009)..............................................................................11

*Jimenez v. Domino's Pizza, LLC*,
2006 U.S. Dist. LEXIS 66510 (C.D. Cal. 2006).................................................12

*Kaminske v. JPMorgan Chase Bank*,
2010 U.S. Dist. LEXIS 141514 (C.D. Cal. May 21, 2010)..................................20

*Kamm v. Cal. City Development Co.*,
509 F.2d 205 (9th Cir. 1975)..............................................................................12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

iii

DEFS' OPP. TO MOTION TO INTERVENE
Case No. 13-CV-00936-YGR

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Keene v. Coldwater Creek, Inc.*,
    No. C 07-05324 (N.D. Cal. Feb. 28, 2008) .......................................................................... 21

*Kress v. Price Waterhouse Coopers*,
    2011 U.S. Dist. LEXIS 87845 (E.D. Cal. Aug. 9, 2011) ..................................................... 12

*Krzesniak v. Cendant Corp.*,
    2007 WL 756905 (N.D. Cal. Mar. 8, 2007) ........................................................................... 8

*Lauderdale v. Fed. Express Corp.*,
    No. 2:11-cv-00902-DSF-PJW (C.D. Cal. Aug. 24, 2011) ................................................... 12

*Maes v. JPMorgan Chase Bank*,
    2013 WL 811839 (S.D. Cal. Mar. 5, 2013) ............................................................................ 8

*Mantolete v. Bolger*,
    767 F.2d 1416 (9th Cir. 1985) ................................................... 1, 2, 6, 7, 8, 10, 12, 17

*Martinet v. Spherion Atlantic Enterprises, Inc.*,
    2008 U.S. Dist. LEXIS 48113 (S.D. Cal. June 23, 2008) ................................................. 8, 21

*McCullough v. Office Depot, Inc.*,
    No. CV 10-04987-GHK (C.D. Cal. June 30, 2011) ............................................................. 20

*Murphy v. Target Corp.*,
    2011 U.S. Dist. LEXIS 62458 (S.D. Cal. June 14, 2011) .................................................... 12

*Nguyen v. Baxter Heathcare Corp.*,
    275 F.R.D. 503 (C.D. Cal. 2011) ......................................................................................... 20

*Perez v. State Farm Mutual Automobile Ins. Co.*,
    Case No. C-06-01962 JW (PSG), Dkt No. 373 (N.D. Cal. June 16, 2011) .......................... 21

*Pioneer Electronics (USA), Inc. v. Superior Court*,
    40 Cal. 4th 360 (2007) ......................................................................................................... 21

*Planned Parenthood Golden Gate v. Superior Court*,
    83 Cal. App. 4th 347 (2000) ................................................................................................ 13

*Prentice v. Fund for Public Interest Research, Inc.*,
    2007 U.S. Dist. LEXIS 71122 (N.D. Cal. Sept. 18, 2007) ................................................... 13

*Puerto v. Superior Court*,
    158 Cal. App. 4th 1242 (2008) ...................................................................................... 13, 14

*Ramirez v. Labor Ready, Inc.*,
    2002 WL 1997037 (Alameda Super. Ct., July 12, 2002) ..................................................... 11

*re RBC Dain Rauscher Overtime Litigation*,
    703 F. Supp. 2d 910 (D. Minn. 2010) .................................................................................. 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

iv

DEFS' OPP. TO MOTION TO INTERVENE
Case No. 13-CV-00936-YGR

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Rippee v. Boston Market Corp.*,
408 F. Supp. 2d 982 (S.D. Cal. 2005) ................................................................... 7

*Rix v. Lockheed Martin Corp.*,
No. 09-cv-2063 MMA (NLS), Dkt No. 29 (S.D. Cal. Jan. 4, 2012) ..................................... 14

*Ruiz v. Affinity Logistics Corp.*,
2009 WL 648973 (S.D. Cal. Jan. 29, 2009) ............................................................ 11

*Samsung SDI Co., Ltd. v. Matsushita Electronic Industrial Co., Ltd.*,
2007 WL 432701 (C.D. Cal. June 27, 2007) ........................................................... 6

*Sanbrook v. Office Depot*,
2009 U.S. Dist. LEXIS 30852 (N.D. Cal. 2009) ........................................................ 12

*Sorensen v. JPMorgan Chase*,
Civ. A. No. BC385566 (Los Angeles Super. Ct., Oct. 19, 2009) ...................................... 11

*Stewart v. Winter*,
669 F.2d 328 (5th Cir. 1982) ........................................................................... 12

*Taylor v. Waddell & Reed, Inc.*,
2012 WL 1463640 (S.D. Cal. Apr. 27, 2012) ........................................................... 8

*Teamsters Local 856 v. Priceless, LLC*,
112 Cal. App. 4th 1500 (2003) ........................................................................ 19

*Thomas v. Cendant Mortgage*,
2005 WL 579903 (E.D. Pa. Mar. 11, 2005) ............................................................. 6

*Tierno v. Rite Aid Corp.*,
2006 U.S. Dist. LEXIS 71795 (N.D. Cal. 2006) ........................................................ 12

*Tomassi v. City of Los Angeles*
2008 WL 4722393 (C.D. Cal. Oct. 24, 2008) ........................................................... 14

*Tracy v. Dean Witter Reynolds, Inc.*,
185 F.R.D. 303 (D. Colo. 1998) ....................................................................... 21

*Vasquez v. P.F. Chang's China Bistro, Inc.*,
No. CV 09-01408-DSF-RZx (C.D. Cal. Oct. 8, 2009) ................................................... 8

*Vasquez v. P.F. Chang's China Bistro, Inc.*,
No. CV 09-01408-DSF-RZx, Dkt. No. 23 (C.D. Cal. Oct. 8, 2009) ................................... 17

*Vinole v. Countrywide Home Loans, Inc.*,
571 F.3d 935 (9th Cir. 2009), *reh'g denied*, Case No. 08-55223 (9th Cir. Aug. 18,
2009) ................................................................................................ 11

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011) ............................................................................ 2, 7, 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

v

DEFS' OPP. TO MOTION TO INTERVENE
Case No. 13-CV-00936-YGR

1

## TABLE OF AUTHORITIES

2
(continued)

**Page(s)**

3   *Wiegele v. FedEx Ground Package Sys.*,
4       2006 U.S. Dist. LEXIS 90359 (S.D. Cal. 2006) ...................... 12

*Williams v. Veolia Transportation Servs., Inc.*,
5       2008 WL 7389430 (C.D. Cal. Dec. 17, 2008) ...................... 8

6   *Wynne v. McCormick & Schmicks Seafood Restaurants, Inc.*,
7       2006 WL 3422226 (N.D. Cal. Nov. 28, 2006) ...................... 17, 18

*York v. Starbucks Corp.*,
8       2009 WL 3177605 (C.D. Cal. Jun. 30, 2009) ...................... 12

9   *Zautinsky v. Univ. of Cal.*,
10       96 F.R.D. 622 (N.D. Cal. 1983) ...................... 7

**STATUTES**

11

Cal. Bus. & Prof. Code
12       §§ 17200, *et. seq.* ...................... 4

13   Cal. Civ. Proc. Code
14       § 1985.6 ...................... 13

Cal. Lab. Code
15       §§ 2698, *et seq.* (the Private Attorneys General Act of 2004 or the "PAGA") ...................... 4
       § 2802 ...................... 11

16   Class Action Fairness Act ("CAFA") ...................... 7

17   **OTHER AUTHORITIES**

18   Cal. Const. art. I, § 1 ...................... 1, 3

19   Fed. R. Civ. P.
20       23 ...................... 1, 6, 8, 12
       26(b)(2)(iii) ...................... 18
21       26(b)(2),(c) ...................... 18
       26(b)(3)(c)(iii) ...................... 21
22       30(b)(6) ...................... 13

23   Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L. Rev. 97 (2009) ...................... 7

24   Sen. Rep. No. 109-14, 1st Sess. (2005-2006) ...................... 7

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

vi

DEFS' OPP. TO MOTION TO INTERVENE
Case No. 13-CV-00936-YGR

1   **I.      INTRODUCTION**

2        Plaintiffs Mayra Quintana ("Quintana") and Elizabeth Sanchez ("Sanchez") (collectively

3   "Plaintiffs") seek to compel the production of the names, addresses, telephone numbers, time

4   entry records, and payroll records for almost 1,100 current and former Store Manager and

5   Assistant Store Manager employees who worked throughout California for Defendant Claire's

6   Boutiques, Inc. ("Defendant" or "Claire's").

7        The Court should deny Plaintiffs' Motion to Compel the disclosure and production of such

8   personal, private and confidential information for each and every individual within the alleged

9   putative class, because:  (1) Plaintiffs have not established the requisite *prima facie* showing that

10  a class action is maintainable in this case; (2) Plaintiffs have not established that discovery of

11  either the putative class members' contact information or their payroll records and time records is

12  relevant or reasonably calculated to lead to the discovery of relevant evidence that would

13  substantiate the type of common proof required to support class certification; (3) the sought-after

14  information is protected by the putative class members' right to privacy as guaranteed by Article

15  I, Section 1 of the California Constitution, and Plaintiffs have failed to demonstrate any

16  compelling need that would outweigh such privacy interests; and (4) the requested discovery is

17  unduly burdensome and impermissibly overbroad.

18       The Ninth Circuit has made clear that pre-certification discovery on a class-wide basis is

19  not permissible *unless* the plaintiff can first demonstrate that a class action is maintainable or that

20  the discovery is necessary to substantiate class allegations.  *Mantolete v. Bolger*, 767 F.2d 1416,

21  1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the

22  determination of whether a class action is maintainable, the plaintiff bears the burden of

23  advancing a *prima facie* showing that the class action requirements of Fed.R.Civ.P. 23 are

24  satisfied or that discovery is likely to produce substantiation of the class allegations.").  Here,

25  Plaintiffs have made no such showing.  Plaintiffs are merely 2 out of approximately 1,087

26  putative class members.  Claire's has operated approximately 207 retail stores throughout

27  California during the relevant time period, yet Quintana worked in only one store as an Assistant

28  Store Manager for approximately 19 months, and Sanchez worked in only two stores as a Store

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

1

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

1   Manager for a total of approximately 17 months.

2        Plaintiffs have not alleged the existence of any uniformly applicable unlawful common

3   policy that would bind all of the disparate individual putative class members together.  On the

4   contrary, Plaintiffs essentially argue that they need the time records and payroll records of each

5   putative class member to make individualized inquiries regarding whether unlawful conduct

6   occurred – an argument that directly contradicts any possible showing that this case is amenable

7   to class treatment, and instead indicates that this case cannot meet the requirement for class

8   certification set forth by the United States Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 131

9   S. Ct. 2541, 2551 (2011) (i.e., that common issues are capable of adjudication on a class-wide

10  basis through use of common proof).  Plaintiffs' professed need for individualized discovery with

11  respect to each putative class member is anathema to the very purpose of the class action process,

12  which seeks to avoid the separate adjudication of many individual claims in favor of common

13  evidence.  As the Supreme Court made clear in *Dukes*, it is the existence and applicability of a

14  *common policy* that matters for class certification.

15       Here, however, Plaintiffs have failed to show that the sought-after contact information and

16  time records and payroll records are necessary to substantiate the argument that common

17  questions of law and fact predominate.  Other than a vague and entirely unsupported assertion

18  that the time and payroll records are supposedly "essential," Plaintiffs fail to articulate why these

19  documents are relevant to establish Plaintiffs' class claims.  Indeed, Plaintiffs' Motion does not

20  even describe the theory (or theories) under which they intend to use time and payroll records to

21  prove that almost 1,100 putative class members "were not paid for all hours worked because all

22  hours worked were not recorded," "were entitled to receive certain wages for overtime

23  compensation but were not," "were not receiving at least minimum wages for work done off-the-

24  clock", "did not receive all meal periods," "did not receive all rest periods," and "incurred

25  necessary business-related expenses and costs that were not fully reimbursed," as alleged in their

26  Complaint.  *See* Complaint, ¶¶ 31-35, 78.  Plaintiffs merely make the conclusory assertion

27  (which is insufficient under the *Mantolete* authority) that the time and payroll records will

28  somehow "establish that certain of Defendant's practices were implemented on a company-wide

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

2

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

1    basis, in connection with but [sic] possibly not following overtime policy, wage statement policy,

2    meal break policy, rest break policy, and separation payment policy" (Motion at 17:1-3).

3         It is important for the Court to consider Plaintiffs' Motion within the context of the

4    discovery that has already occurred.  Claire's has already produced a vast amount of information

5    in both its interrogatory responses and its 641-page document production and has verified the

6    categories of documents that do not exist or cannot be located.  The individual Plaintiffs have

7    received the entire contents of their personnel files, their individual time and payroll records,

8    non-privileged documents reflecting any complaints they made regarding any paycheck errors or

9    expense reimbursement requests, all applicable policy and procedure documents in effect during

10   the relevant time period relating to time recording, overtime, meal periods and rest breaks, and

11   expense reimbursement, and all job descriptions for the District Manager, Store Manager, and

12   Assistant Store Manager positions.  One would expect, given the significant amount of

13   information Plaintiffs already possess, that they would have explained in their Motion

14   specifically why, for example, they also need the time and payroll records for more than 1,000

15   other current and former employees in order to prove a "common policy", given that these other

16   employees' time and payroll records contain the same fields of data as those of the Plaintiffs.

17        The class contact information and time and payroll records are also clearly private,

18   confidential and protected by Article I, Section 1 of the California Constitution.  Putative class

19   members never contemplated that by seeking employment with Claire's their home addresses

20   and telephone numbers would be freely shared with a third-party plaintiff's attorney, who

21   (Claire's anticipates) will retain a call center to telephone them at their homes.  Similarly,

22   disclosure of the requested documents would unnecessarily trample the privacy rights of these

23   non-parties, because putative class members' payroll records (i.e., their wage statement or "pay

24   stub" data) contain information regarding their financial compensation, health insurance/benefit

25   deductions, social security numbers, 401(k) information, wage garnishments, and other private

26   information.  No compelling need for such information has been shown.  For all of the above

27   reasons, Plaintiffs' Motion should be denied in its entirety.

28        If the Court does not deny Plaintiffs' Motion entirely, then at most, Plaintiffs should

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

3

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

receive only a random sampling of the putative class member names and addresses and a sampling of anonymous time records (but *not* payroll records) with personal identifying information redacted and containing only unique identifiers.  Indeed, during the meet and confer process Defendant attempted to eliminate the need for Court intervention by proposing a 20% random sample of the putative class members' names and contact information and time records.  Even though this proposal would have given Plaintiffs access to information for more than 217 putative class members, Plaintiffs rejected the concept of sampling and refused Defendant's reasonable offer.  Thus, if the Court orders the disclosure of *any* contact information, in order to protect the putative class members' constitutional right to privacy, the Court should (1) limit the disclosure to names and addresses – not telephone numbers, which would allow too great an intrusion on class members' personal lives, and (2) allow the disclosure to occur only through the use of an opt-out *Belaire* notice procedure.  Similarly, if the Court orders the disclosure of any *non-anonymous* sampling of time records, the production of such data should be subject to the same opt-out notice process, as the time entry information is equally (if not more) private and confidential than putative class member names and addresses.

## II.    FACTUAL BACKGROUND

Plaintiffs filed this lawsuit on December 21, 2012, alleging claims for violation of the California Labor Code, including claims for alleged unpaid overtime, unpaid minimum wages for work performed off-the-clock, unpaid premium pay for missed meal and rest breaks, failure to timely pay wages upon termination, failure to reimburse business expenses, violation of Labor Code §§ 2698, *et seq*. (the Private Attorneys General Act of 2004 or the "PAGA"), and violation of California Business and Professions Code sections 17200, *et seq*.  *See* Complaint.[1]

On March 5, 2013, Plaintiffs served on Defendants Claire's Stores, Inc. and CBI Distributing Corporation (then parties to the instant action), Interrogatories, Set One, No. 1, which sought the names, home addresses, telephone numbers, and employee identification numbers of all of the putative class members.  Meckley Decl., ¶ 2; Witte Decl., Exh. A.  On April

---

[1] Plaintiffs also named as defendants Claire's Stores, Inc., CBI Distributing Corporation, and Shelley Muzsek, but on May 3, 2013 stipulated to dismiss them from the action.  *See* Dkt No. 38.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 24531688.3

4

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

4, 2013, Defendants Claire's Store, Inc. and CBI Distributing Corporation served their responses, objecting on several grounds to this Interrogatory.  Meckley Decl., ¶ 3; Witte Decl., Exh. D. Defendant Claire's Boutiques, Inc. was never served with Interrogatories, Set One, but following meet and confer communications with counsel for Plaintiffs, later served its responses on October 25, 2013.  Meckley Decl., ¶ 3; Witte Decl., Exh. E.

On March 5, 2013, Plaintiffs served Requests for Production of Documents, Set One, which sought, among other things, the time records and payroll records of each and every putative class member.  Meckley Decl., ¶ 4; Witte Decl., Exh. B.  On April 4, 2013, Defendants served its responses, objecting on several grounds to the Requests.  Meckley Decl., ¶ 5; Witte Decl., Exh. C.

On August 30, 2013, during a telephonic meet and confer conference, Plaintiffs proposed that Defendant produce a 25% random sampling of the names and contact information of the putative class subject to *Belaire-West* opt out notice, provided that Defendant "did not attack the representativeness of the sample at class certification."  Meckley Decl., ¶ 6.  Defendant requested that Plaintiffs put their proposal in writing to specify the agreement regarding "representativeness" that Plaintiffs were seeking from Defendant.  *Id.* at ¶ 6.  On September 9, 2013, Defendant again requested that Plaintiffs provide a written description of their proposal regarding the sampling of the contact information.  *Id.* at ¶ 7; Exh. A.  Plaintiffs never responded. *Id.*

On September 24, 2013, Plaintiffs withdrew their prior proposal regarding the 25% random sampling subject to *Belaire-West* opt out notice, and instead insisted that Defendant produce the names and contact information for the entire class, wrongly stating that Defendant had insisted "on attacking the representativeness of the sample."  *Id.* at ¶ 8; Witte Decl., Exh. H. In that same correspondence, Plaintiffs stated they were willing to accept a sample of the time and payroll records for 20% of the putative class, provided Defendant disclose the names and contact information for the entire putative class.  *Id.*

On October 15, 2013, during a telephonic meet and confer conference, Defendant's counsel proposed (subject to Claire's ultimate approval) a compromise in which Plaintiffs would receive contact information for a random sampling of approximately 217 individuals (20% of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

5

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

putative class) along with their corresponding time and payroll records, subject to a *Belaire-West* opt out notice procedure and subject to the parties' protective order.  Meckley Decl., ¶ 9. Plaintiffs rejected this proposal and filed the current Motion approximately one month later on November 12, 2013.  *Id.* at ¶ 10.

## III.   ARGUMENT

### A.   Plaintiff is Not Entitled to the Identities and Contact and Personal Information for the Putative Class

In the pre-certification discovery context, as here, "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then action." *Thomas v. Cendant Mortgage*, 2005 WL 579903, at *3 (E.D. Penn. Mar. 11, 2005); *see also Samsung SDI Co., Ltd. v. Matsushita Electronic Industrial Co., Ltd.,* 2007 WL 432701, at *3 (C.D. Cal. June 27, 2007) (the "requested information is not relevant to the pending action 'if the inquiry is based on the party's mere suspicion or speculation'"), *citing Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim.  That the discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request.") (emphasis added).  In the class action context, a plaintiff should have some factual basis to support a belief that his/her individual claims are appropriate for class treatment before bringing a class action.  A plaintiff cannot simply file an individual claim as a class action and then fish to see if anyone else might have a similar claim.

To prevent abuse of the class action procedure, the Ninth Circuit has held that pre-certification discovery on a class-wide basis is not permissible unless the plaintiff can show that a class action is maintainable or that the discovery is necessary to substantiate class allegations. *Mantolete,* 767 F.2d at 1424 ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations."); *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("[W]here the plaintiffs fail to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

6

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

1   make even a *prima facie* showing of [class action prerequisites], as we find here, the burden is on

2   the plaintiff to demonstrate that discovery measures are likely to produce persuasive information

3   substantiating the class action allegations"); *see also Zautinsky v. Univ. of Cal.*, 96 F.R.D. 622

4   (N.D. Cal. 1983) (holding that plaintiff would not be permitted a general inquisition into

5   defendant's files merely on the strength of having filed a putative class complaint; plaintiff would

6   first have to demonstrate some ability to establish a *prima facie* case). That the *Mantolete*

7   standard must be applied to prevent unwarranted classwide discovery has become even more

8   clear since the Supreme Court's decision in *Wal-Mart Stores, Inc.,* 131 S. Ct. at 2551, in which

9   the Supreme Court warned against class action treatment based on only a "competently crafted

10  class complaint." *Id.* at 2551 citing Nagareda, Class Certification in the Age of Aggregate Proof,

11  84 N.Y.U.L.Rev. 97, 131–132 (2009). As the Supreme Court explained, "The class action is 'an

12  exception to the usual rule that litigation is conducted by and on behalf of the individual named

13  parties only.'" *Id.* at 2550, *citing Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979). The

14  *Mantolete* standard serves to impose an additional layer of inquiry before permitting expansive

15  discovery that goes beyond the circumstances of the "individual named parties only" and to

16  ensure that such expansive discovery be based on more than only a "competently crafted class

17  complaint." *See id.* at 2550-2551.

18          This long-standing rule was underscored by Congress itself when it enacted the Class

19  Action Fairness Act ("CAFA"), which is the basis for federal jurisdiction here. *See* Order

20  Denying Plaintiffs' Motion to Remand (Dkt No. 36). Congress evinced its intent to limit pre-

21  certification discovery of class member information, stating:

22          It would in most cases be improper for the named Plaintiff to request that
        defendant produce a list of all class members (or detailed information that would
23      allow the construction of such a list), in many instances a massive, burdensome
        undertaking that will not be necessary unless a proposed class is certified.

24  Sen. Rep. No. 109-14, 1st Sess., p.44 (2005-2006) (emphasis added); *see also Rippee v.*

25  *Boston Market Corp.*, 408 F. Supp. 2d 982 (S.D. Cal. 2005) (relying on CAFA's legislative

26  history to deny plaintiff's requests for contact information of putative class members pre-

27  certification).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

7

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

District courts in California have consistently applied the *Mantolete* standard, requiring that "the plaintiff bear[] the burden of advancing a *prima facie* showing that the class action requirements … are satisfied or that discovery is likely to produce substantiation of the class allegations" to deny or limit class-wide discovery in purported wage and hour class actions. *See, e.g.*, *Clarke v. Insight Global, Inc.,* No. CV 13-00357-H-BLM, Dkt No. 39 at p. 2 (S.D. Cal. Sept. 13, 2013) (overruling plaintiff's objection to a magistrate judge's order limiting disclosure of contact information to one office); *Maes v. JPMorgan Chase Bank*, 2013 WL 811839, *2 (S.D. Cal. Mar. 5, 2013) (holding that plaintiffs did not meet their burden under *Mantolete* and *Doninger* and refusing to order the disclosure of *any* contact information for putative class members); *Taylor v. Waddell & Reed, Inc.*, 2012 WL 1463640, *2 (S.D. Cal. Apr. 27, 2012) (same); *DeLodder v. Aertotek*, No. CV 08-6044 (C.D. Cal. Oct. 20, 2009 and Dec. 18, 2009) (limiting plaintiff's request for statewide disclosure of names and contact information to *a single California office*); *Vasquez v. P.F. Chang's China Bistro, Inc.*, No. CV 09-01408-DSF-RZx (C.D. Cal. Oct. 8, 2009) (denying plaintiff's request for statewide disclosure of identities and residences of putative class members); *Williams v. Veolia Transportation Servs., Inc.*, 2008 WL 7389430 (C.D. Cal. Dec. 17, 2008) (denying plaintiff's request for class-wide discovery); *Martinet v. Spherion Atlantic Enterprises, Inc.*, 2008 U.S. Dist. LEXIS 48113 *6-7 (S.D. Cal. June 23, 2008) (limiting the plaintiff's discovery in a putative wage and hour class action to a limited time period and to *the single office* where the plaintiff worked); *Krzesniak v. Cendant Corp.*, 2007 WL 756905 *1 (N.D. Cal. Mar. 8, 2007) (denying disclosure of names, addresses, and telephone numbers of putative class members).  The above-cited cases are directly applicable here and provide this Court with a solid basis of precedent on which it may rely in order to deny Plaintiffs' Motion.

### 1.   Plaintiffs Have Not Established, And Cannot Establish, A *Prima Facie* Showing That They Can Maintain A Rule 23 Class Claim or that Class-Wide Discovery Will Substantiate Their Class Claims

Plaintiffs have not made a *prima facie* showing that they can meet the Rule 23 requirements for certification, nor have Plaintiffs made a *prima facie* showing that class discovery

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/ 24531688.3

8

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

could substantiate their class claims.  Here, the overly broad, catch-all scope of Plaintiffs'

putative class definition forecloses the possibility of any such showing.  Plaintiffs seek to

represent a class consisting of all persons employed by Defendants as Assistant Store Managers

and/or Store Managers in a California retail store during the relevant time period, regardless of

where the employee worked or who the employee's district manager was.  Plaintiffs' class

definition lumps together employees who worked in different store locations and were subject to

the supervision of different district managers and who had different job duties/requirements.

Plaintiffs have made no showing that any common violation of law may exist among Defendant's

various store locations with respect to employee timekeeping, meal and rest periods, and expense

reimbursement practices or that any common policies facially violate applicable law.  To the

extent that Plaintiffs themselves have individual wage and hour claims (which Defendant denies),

their lawsuit is ***inherently individual***.  The allegations in the Complaint demonstrate that their

claims are based on the isolated circumstances of their particular work experiences, and would

therefore require an individualized inquiry into the duties and responsibilities of each and every

Store Manager and Assistant Store Manager employed by Defendant in California during the

relevant time period.

    For example, in the Complaint, Plaintiffs identify three situations where they claim they

were not paid for all time worked:  (1) they claim that they were required to work "off-the-clock"

during their meal breaks because their stores were understaffed and they were unable to leave

because there was no other manager to cover their breaks; (2) they claim that they were required

to work "off-the-clock" after their shifts were scheduled to end in order to complete assigned

tasks; and (3) they claim they were required to take store funds to the bank after store hours while

"off-the-clock".  *See* Complaint, ¶ 46.  In these scenarios, the alleged violations stem from the

particular practices in the two stores in which Plaintiffs worked, and, even if true, would require

an individualized analysis as to whether the period of time of work allegedly performed off-the-

clock was *de minimis*.[2]  Also, any alleged wage and hour violation that occurred would be the

---

[2] Moreover, Plaintiffs cannot explain how the time and payroll records they seek could support
their alleged "off the clock" claims given that, by its very nature, "off the clock" work is not
recorded and thus not reflected in time records or on paychecks.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3                                        9                    DEF.'S OPP. TO MOTION TO COMPEL
                                                                           Case No. CV 13-00368 PSG

result of Plaintiffs' own practices with respect to timekeeping and the work direction given by their specific manager.  None of these purported scenarios involves any common policy that extended beyond Plaintiffs or their individual stores.  For these reasons, it is clear that Plaintiffs have not established, and cannot establish, any *prima facie* basis for extrapolating their alleged individual experience to the more than 1,087 current and former employees from all over California whom they seek to represent.  Plaintiffs have not made any *prima facie* showing which, under *Mantolete*, would justify the class-wide discovery sought in their Interrogatory No. 1.

Plaintiffs' arguments in support of their Motion only serve to underscore the inherently individualized nature of their lawsuit.  Plaintiffs argue that they should be provided with the names and contact information of almost 1,100 putative class members because these individuals may have information regarding "off-the-clock work which is, by its very nature time worked that is unrecorded." *See* Motion at 9:14-16.  According to Plaintiffs, employers "must keep written records of meal periods, but are not required to record rest breaks." *Id*. at 9:16-17.  In addition, Plaintiffs argue that putative class members may have information concerning whether they "complained about, for instance, the failure to receive a meal period even though meal periods were recorded" or whether a class member was "instructed by their manager to work off-the-clock or face certain consequences." *Id.* at 9, fn 2.  Plaintiffs also argue that "allegations of 'off-the-clock' work and unreimbursed and undocumented business expenses cannot be supported solely through employees' time and payroll records." *Id*. at 9:19-21.

Each of these arguments reflects the fact that Plaintiffs want to embark on *an employee-by-employee, individualized fishing expedition*.  If, as Plaintiffs contend, such individual experiences of the putative class members are determinative, and Plaintiffs must conduct scores of interviews from among approximately 1,087 putative class members in order to determine what these experiences actually are, then it is clear that individualized inquiries take precedence over common questions (such as those relating to Claire's policies and procedures).  Plaintiffs' concession that they must perform individual interviews to support their "off-the-clock" claim highlights the fact that the central factual theory underlying all of their claims necessitates

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

10

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

1  numerous individualized inquiries.

2         Finally, whether and to what extent each putative class member incurred business-related

3  expenses and whether such expenses were necessary and/or reasonable will depend on each

4  member's individual circumstances, including the frequency with which they incurred any such

5  expenses, and whether they submitted requests for reimbursement.  That Plaintiffs intend to use

6  the putative class list to interview putative class members regarding Defendant's expense-

7  reimbursement policies and practices (*see* Motion at 9:19-21) once again makes clear that this is a

8  case that requires each class member to describe his or her own situation.  Rather than

9  "substantiate" class action allegations, such individualized discovery demonstrates that class

10  allegations cannot be substantiated.[3]

11         Class treatment requires that common questions and common answers must be present.

12  *See Wal-Mart Stores, Inc*, 131 S. Ct. at 2551.  Case law confirms that a case in which each class

13  member will need to describe his or her own experience and interactions with Defendant to

14  determine each member's right to recover *cannot* proceed as a class action.  *See In re Wells*

15  *Fargo Home Mortgage Overtime Pay Litigation*, 571 F.3d 953 (9th Cir. 2009) (holding that class

16  certification is inappropriate when a determination of liability would require "a fact-intensive

17  inquiry into each potential plaintiff's employment situation"); *Vinole v. Countrywide Home*

18  *Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009), *reh'g denied*, Case No. 08-55223 (9th Cir. Aug. 18,

19  _____

20  [3] Courts regularly deny certification of expense reimbursement claims for this very reason – i.e.,
    the question of whether reasonable and necessary expenses were incurred but not reimbursed is
    highly individualized.  *See, e.g., In re AutoZone, Inc., Wage and Hour Employment Practices*
21  *Litigation*, 289 F.R.D. 526, 547 (N.D. Cal. 2012) (denying motion for class certification on
    expense reimbursement claim); *Ruiz v. Affinity Logistics Corp.,* 2009 WL 648973, *8 (S.D. Cal.
22  Jan. 29, 2009) (finding mileage expense reimbursement claims inappropriate for class treatment
    because it would require a "case-by-case analysis where common questions do not predominate
23  over individual questions"); *Ramirez v. Labor Ready, Inc.,* 2002 WL 1997037, *4 (Alameda Sup.
    Court, July 12, 2002) (claims for expenses not appropriate for class-wide treatment because too
24  many individualized inquiries required to determine the existence and extent of necessary
    expenses incurred by each putative class member); *Desimone v. Allstate Ins. Co.,* 1999 WL
25  33226248, *7 (N.D. Cal. 1999) (to demonstrate a violation of section 2802, plaintiffs "must
    introduce specific evidence of actual and necessary expenditures," that they incurred necessary
26  expenses in the discharge of their duties, and that the employer failed to reimburse for such
    expenses); *Grissom v. Vons Cos., Inc.,* 1 Cal.App.4th 52, 58 (1991) ("Necessity is by nature a
27  question of fact…accordingly, ascertaining what was a necessary expenditure will require an
    inquiry into what was reasonable under the circumstances.");  *see also re RBC Dain Rauscher*
28  *Overtime Litigation,* 703 F.Supp.2d 910, 969 (D. Minn. 2010) (the reasonableness of an
    employee's alleged expenses is fact-intensive, and not suitable for class treatment).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

11

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

2009) (holding that where a plaintiff is unable to show the existence of "company-wide policies governing how employees spend their time," class treatment under Rule 23 is not appropriate given the need to hold "mini-trials" with respect to the work performed by each and every class member).  "[A] class action cannot be maintained where each member's right to recover depends on facts peculiar to his case . . . ."  *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 586-87 (C.D. Cal. 2008) (denying class certification in meal and rest break class action where highly individualized factual inquiries predominated over common class concerns).  Plaintiffs seek sweeping classwide discovery without even attempting to make the *prima facie* showing that can meet the Rule 23 standards as required by the Ninth Circuit.  Accordingly, Plaintiffs are not entitled to the wholesale contact and personal information they seek.

The cases cited by Plaintiffs further demonstrate why their Motion to Compel should be denied.  Instead of addressing the *Mantolete/Doninger* requirements, the cases on which Plaintiffs rely are distinguishable and not applicable here because they are either (1) California state court opinions that do not apply the pre-certification discovery standard set forth by the Ninth Circuit in *Mantolete* and *Doninger*, or (2) federal cases that do not consider or even mention *Mantolete* or *Doninger*.[4]  In contrast, the cases relied upon by Defendant herein all correctly apply Ninth Circuit precedent and are directly on point.[5]

Simply put, Plaintiffs have not met their burden to obtain information about each of the

---

[4]  *Lauderdale v. Fed. Express Corp.*, No. 2:11-cv-00902-DSF-PJW (C.D. Cal. Aug. 24, 2011); *Murphy v. Target Corp.*, 2011 U.S. Dist. LEXIS 62458 (S.D. Cal. June 14, 2011); *York v. Starbucks Corp.*, 2009 WL 3177605, *2 (C.D. Cal. Jun. 30, 2009); *Hill v. Eddie Bauer*, 242 F.R.D. 556 (C.D. Cal. 2007); *Ho v. Ernst & Young, LLP*, 2007 WL 1394007, *2 (N.D. Cal. May 9, 2007); *Jimenez v. Domino's Pizza, LLC*, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. 2006); *Tierno v. Rite Aid Corp.*, 2006 U.S. Dist. LEXIS 71795 (N.D. Cal. 2006) (did not involve pre-certification discovery because a class had already been certified); *Wiegele v. FedEx Ground Package Sys.*, 2006 U.S. Dist. LEXIS 90359 (S.D. Cal. 2006); *Sanbrook v. Office Depot*, 2009 U.S. Dist. LEXIS 30852 (N.D. Cal. 2009); *Armstrong v. Davis*, 275 F.3d 849, 872 n.28 (9th Cir. 2001) (did not involve the discovery of putative class information); *Babbitt v. Albertson's, Inc.*, 1992 U.S. Dist. LEXIS 19091 (N.D. Cal. 1992); *Kamm v. Cal. City Development Co.*, 509 F.2d 205 (9th Cir. 1975) (decided before *Mantolete* and *Doninger* and did not involve the discovery of putative class information); *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982).

[5]  The one case cited by Plaintiff that does consider *Mantolete* is distinguishable because the court determined that the plaintiffs *had* made a *prima facie* showing because the court had already certified the proposed class in a companion case that involved the same policies and practices applicable in *Kress*.  *See Kress v. Price Waterhouse Coopers*, 2011 U.S. Dist. LEXIS 87845, *8 (E.D. Cal. Aug. 9, 2011).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

12

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

more than 1,087 individual Store Managers and Assistant Store Managers who worked for Claire's in its California retail stores. Claire's has already produced various policy and procedure documents. Plaintiffs have also noticed the Rule 30(b)(6) deposition of Defendant. Plaintiffs have no <u>entitlement</u>, under federal law, to obtain a "class list" just because they have filed a class action. For all of these reasons, Plaintiffs have not made the requisite *prima facie* showing to justify production of the identities and contact information for the more than 1,087 store employees encompassed within their class definition, and for that reason their Motion should be denied.

### 2.   Plaintiffs' Interrogatory Seeks Information Protected By The Right To Privacy

Defendant's current and former employees have a legitimate expectation of privacy in their identity, residential contact information, and work history. For example, "[c]ourts have frequently recognized that individuals have a substantial interest in the privacy of their home." *Planned Parenthood Golden Gate v. Superior Court*, 83 Cal.App.4th 347, 359 (2000); *Puerto v. Superior Court*, 158 Cal.App.4th 1242, 1252 (2008) (holding that current and former employees unquestionably have a legitimate expectation of privacy in their addresses and telephone numbers); *see also Hill v. Colorado*, 530 U.S. 703, 716 (2000). Similarly, California Code of Civil Procedure section 1985.6 requires that notice be given to employees whose employment records are subpoenaed so that they have an opportunity to consent or object. According to the legislative history of this statute, employees maintain a "legitimate expectation of privacy" in their "personal records." Hearing before Assembly Com. on Judiciary on Bill No. AB 617 (1995); *see also Prentice v. Fund for Public Interest Research, Inc.*, 2007 U.S. Dist. LEXIS 71122, *9 (N.D. Cal. Sept. 18, 2007) (holding that the Fund "did nothing wrong and should not be penalized" for withholding contact information of putative class members in response to an informal request because it would have risked violating California privacy laws had it complied with the plaintiffs' request). Compelled discovery within the realm of the right of privacy "cannot be justified solely on the ground that it may lead to relevant information." *Britt v. Superior Court*, 20 Cal.3d 844, 856 (1978). "Even when discovery of private information is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

13

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

1  found directly relevant to the issues of ongoing litigation, it will not be automatically allowed;

2  there must then be a 'careful balancing' of the 'compelling public need' for discovery against the

3  'fundamental right of privacy.'" *Id*.

4      Claire's employees communicated their residential contact information to Defendant on

5  confidential employment applications, benefits forms, and/or tax documents.  The confidential

6  nature of this information requires that Defendant maintain its privacy and use it only for

7  employment and tax purposes.  Plaintiffs have failed to demonstrate the possible relevancy, let

8  alone a compelling public need, for disclosure of the addresses and telephone numbers of 1,087

9  current and former employees.  The right to privacy here outweighs any speculative relevance

10  that Plaintiffs have asserted.[6]

11      In addition, current and former employees have a legitimate expectation of privacy in

12  their telephone contact information.  In this day and age, many people, including Defendant's

13  employees, have mobile phone numbers, which are private.  Indeed, some courts have held that

14  telephone numbers are too personal to be disclosed at all.  *See, e.g., Clarke v. Insight Global,*

15  *Inc.,* No. CV 13-00357-H-BLM, Dkt No. 39 at p. 2 (S.D. Cal. Sept. 13, 2013) (overruling

16  plaintiff's objection to a magistrate judge's order limiting disclosure of contact information to

17  one office and denying disclosure of putative class members' telephone numbers); *Rix v.*

18  *Lockheed Martin Corp.*, No. 09-cv-2063 MMA (NLS), Dkt No. 29 at pp. 4-5 (S.D. Cal. Jan. 4,

19  2012) (denying disclosure of putative class members' telephone numbers: "Plaintiff has not

20  provided any authority for his position that he has a constitutional right to the telephone numbers

21  of putative class members, where other contact information is found to be discoverable");

22  *Tomassi v. City of Los Angeles* 2008 WL 4722393, *4 and n.1 (C.D. Cal. Oct. 24, 2008) (denying

23  motion to compel telephone numbers or alternate contact information such as e-mail addresses

24  based on privacy concerns).  In the event the Court allows disclosure of any contact information,

25  the Court should limit such discovery to a limited sampling of names and addresses *only*.

26

27  ---
[6] Plaintiffs' reliance on *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 561 (2007), *Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958 (2008), and *Puerto v.*

28  *Superior Court*, 158 Cal. App. 4th 1242 (2008), for the proposition that an opt-out notice procedure ameliorates any privacy concerns is inapposite, because all of these are state court decisions and this matter is in federal court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

14

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

**B.    Plaintiffs Are Not Entitled to the Time or Payroll Records of the Entire Putative Class**

Plaintiffs seek the following time and payroll records:

Request for Production No. 10:   "All DOCUMENTS reflecting the time, means of transmission and amount of the payment of wages to each COVERED EMPLOYEE during the RELEVANT TIME PERIOD, during his or her employment with DEFENDANT."

Request for Production No. 12:   "All time sheets, W-2 statements, WAGE STATEMENT, wage records and/or payroll records for each COVERED EMPLOYEE during the RELEVANT TIME PERIOD, in Microsoft Excel readable and searchable format."

Request for Production No. 14:   "DOCUMENTS sufficient to identify every type of remuneration that could have been earned by COVERED EMPLOYEES during the RELEVANT TIME PERIOD, including, but not limited to, straight time, OVERTIME, double time, shift premiums, commissions, and any non-discretionary bonuses."

Request for Production No. 16:   "All computerized and machine readable databases, reports, and other DOCUMENTS containing time records for all COVERED EMPLOYEES for the RELEVANT TIME PERIOD."

Request for Production No. 17:   "All clock-in and clock-out times for COVERED EMPLOYEES during the RELEVANT TIME PERIOD."

### 1.    Plaintiffs Have Not Shown that the Requested Discovery Is Relevant and/or Necessary for Their Class Claims

Plaintiffs have failed to present any evidence that the time and payroll records are relevant or reasonably calculated to lead to the discovery of admissible evidence.    Plaintiffs cannot identify any inconsistency between their recorded hours of work and their wages; indeed, Plaintiffs' claims are based on an "off-the-clock" work theory.  Plaintiffs claim only that they were not paid for all time *worked*, and not that they were not paid for all time that was *recorded in their time records*.  *See* Complaint.  Accordingly, records showing the times that putative class members recorded by clocking in and out does nothing to substantiate supposed class "off the clock" claims.  Claire's has already produced extensive documents, including the entire contents of Plaintiffs' personnel files, their time records, their payroll records, non-privileged documents reflecting complaints made by Plaintiffs regarding any paycheck errors or expense reimbursement requests, and job descriptions for the District Manager, Store Manager, and Assistant Store

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

15

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

1    Manager positions during the relevant time period.  Claire's has also produced all applicable

2    policy and procedure documents.  Plaintiffs have not even attempted to demonstrate how or why

3    their own records reflect any violation – there is thus no basis for assuming any additional

4    production will be relevant to demonstrating a class-wide violation.

5         The payroll records of putative class members are not necessary in pre-certification

6    discovery for the same reasons as the requested time records are not necessary, as the payroll

7    records do nothing to substantiate Plaintiffs' claims that they were denied wages that they

8    earned.  At most, Plaintiffs have argued that payroll records will show whether premiums and

9    overtime were paid at the proper regular rate.  (Motion at 20:22-24).  Plaintiffs have not,

10   however, identified a *single example* from their own records that supports their theory that the

11   regular rate was not calculated properly.  Absent any such example, Plaintiffs have no standing

12   to prosecute any such alleged claim.  Nor do Plaintiffs explain (because they cannot) how such

13   payroll records will show whether or not an employee was provided with a meal or rest break,

14   whether or not a meal or rest break was actually taken or was waived by the employee, whether

15   or not an employee was entitled to reimbursement for business expenses, or whether or not all

16   wages were paid during employment and at termination.  *See, e.g., Brinker Restaurant Corp. v.*

17   *Superior Court*, 53 Cal.4th 1004 (2012) ("class certification motion is not a license for a free-

18   floating inquiry into the validity of the complaint's allegations; rather, resolution of disputes

19   over the merits of a case generally must be postponed until after class certification has been

20   decided[.]").

21        Indeed, Plaintiffs concede in their Motion that "off-the-clock work which is, by its very

22   nature time worked that is unrecorded" would not be proven by the time and payroll records.

23   (Motion at 9:14-16).  Plaintiffs further concede that "employers must keep written records of

24   meal periods, but are not required to record rest breaks . . . the same analysis [of time records]

25   is incapable of supporting Plaintiffs' off-the-clock and rest period claims." (Motion at 9:17-19).

26   Plaintiffs also admit that "by their very nature, allegations of 'off-the-clock' work and

27   unreimbursed and undocumented business expenses cannot be supported solely through

28   employees' time and payroll records." (Motion at 9:19-21).  Given these admissions, Plaintiffs'

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

16

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

1   attempt to acquire putative class members' time and payroll records is improper and an abuse of

2   the discovery process.  As such, Plaintiffs' Motion should be denied with respect to Requests

3   Nos. 10, 12, 14, 16, and 17.

> ### 2.   Discovery Beyond Plaintiffs' Individual Claims Is Unduly Burdensome and Harassing Where Plaintiffs Have Made No Showing of Class-Wide Wrongdoing

6   Claire's properly objected to the Requests on the basis of being overly broad and unduly

7   burdensome.  Plaintiffs are not entitled to class-wide discovery or discovery as to an expansive

8   portion of the putative class, where they have not made the requisite showing under *Mantolete*.

9   Applicable case law confirms that Plaintiffs must justify such a far-reaching, incredibly

10   burdensome discovery by making a *prima facie* showing that the requirements for class

11   certification may be met.  *Mantolete*, 767 F.2d at 1424; *Vasquez v. P.F. Chang's China Bistro,*

12   *Inc.*, No. CV 09-01408-DSF-RZx, Dkt. No. 23 (C.D. Cal. Oct. 8, 2009) (applying *Mantolete*

13   and *Doninger* to deny requests for timekeeping records and payroll data for the putative class).

14   Plaintiffs generically argue that the requested records tend "to establish that certain of

15   Defendant's practices were implemented on a company-wide basis, in connection with but [sic]

16   possibly not following overtime policy, wage statement policy, meal break policy, rest break

17   policy, and separation payment policy."  (Motion at 17:1-3).  If, as Plaintiffs argue, they must

18   be allowed to analyze individual putative class members' time and wage records on a case-by-

19   case basis in order to determine whether a violation took place, then this only reinforces the fact

20   that individual questions will predominate over common questions.  Consequently, Plaintiffs'

21   need for individual time and wage records highlights the fact that they cannot make a *prima*

22   *facie* showing of the requirements of class certification.

23   The cases Plaintiffs cite are distinguishable because they do not consider or even

24   mention *Mantolete* or *Doninger*.  *See, e.g., Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal.

25   2007); *Chavez v. Petrissans*, 2008 WL 4177797, *5 (E.D. Cal. Sept. 5, 2008); *Wynne v.*

26   *McCormick & Schmicks Seafood Restaurants, Inc.*, 2006 WL 3422226, *1 (N.D. Cal. Nov. 28,

27   2006).  Moreover, *Chavez* involved a total class size of only 57 putative class members, which

28   is far less than the more than 1,087 class members here.  *See Chavez*, 2008 WL 4177797, *5.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

17

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

In addition, *Wynne* is inapplicable here because it involved an employment discrimination class action where the plaintiffs sought statistical evidence about the putative class in order to support their claims of class wide discrimination.  *See Wynne,* 2006 WL 3422226, *1.

Even if Plaintiffs could meet their burden to obtain the class discovery they seek, the compelled production of certain of the records Plaintiffs' seek would be unduly burdensome on Claire's, and that burden outweighs any marginal benefit of the records.  Where the burden or expense of the proposed discovery outweighs its likely benefit, courts may bar such discovery.  Fed. R. Civ. P. 26(b)(2)(iii).  When the request violates this proportionality test, courts may condition discovery on the requesting party's payment of costs for that discovery.  *See* Fed. R. Civ. P. 26(b)(2),(c); *Boeynaems v. LA Fitness International, LLC,* 285 F.R.D. 331, 342-43 (E.D. Pa. 2012) (shifting cost of class-certification discovery to plaintiffs).  Such cost-shifting also includes the cost to *review* data.  *See Adair v. EQT Production Co*., 2012 WL 1965880 (W.D. Va. May 31, 2012).

Here, Plaintiffs' Requests identify incredibly overbroad, burdensome and unmanageable categories of documents, such as "all documents reflecting the time, means of transmission and amount of the payment of wages," "all time sheets, W-2 statements, wage statements," and "documents sufficient to identify every type of remuneration that could have been earned by covered employees" for almost 1,100 employees.  Although during the meet and confer process Plaintiffs described the scope of what they wanted as an Excel database containing the time records and payroll records for the putative class, Plaintiffs' Motion contains no such limitation, and the Requests as written seek far more than what Plaintiffs' described during the meet and confer.  Because these documents have no utility in showing that Plaintiffs' claims are suitable for class treatment, the incredible burdens associated with producing them far outweigh any possible bases for ordering production.

### 3. Third-Party Employees Are Protected by the Right to Privacy

The time records and wage records of third-party putative class members, including the requested W-2 statements (which clearly constitute confidential tax records), are also protected from disclosure by the individual right to privacy.  *See Board of Trustees v. Superior Ct.*, 119

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

18

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

Cal. App. 3d 516, 524-27 (1981).  Employee personnel information, such as time and wage records is unquestionably protected by California's right to privacy.  *See, e.g., Harding Lawson Assoc. v. Superior Ct.*, 10 Cal. App. 4th 7, 10 (1992); *Board of Trustees*, 119 Cal. App. 3d at 524-27; *El Dorado Savings & Loan Ass'n v. Superior* Ct., 190 Cal. App. 3d 342, 345-46 (1987); *Teamsters Local 856 v. Priceless, LLC*, 112 Cal. App. 4th 1500, 1515 (2003).  In particular, Plaintiffs are not entitled to the payroll records of the putative class members given the highly confidential and sensitive nature of these records.  *See Coleman v. Jenny Craig, Inc.*, 2013 WL 2896884, at *11, (slip op) (S.D. Cal. June 12, 2013) (request for putative class member payroll records denied "because such documents contain more confidential and sensitive information than simply time records or contact information" and "the privacy interests weigh against providing this information.") citing *Nguyen v. Baxter Heathcare Corp.*, 275 F.R.D. 503, 512-13 (C.D. Cal. 2011).  Thus, given the strong privacy protection provided personnel information, there can be no doubt that the Constitution affords the putative class members an expectation that their personnel information, such as time and wage records, will be protected from disclosure.

Abridgement of the right to privacy should be rare and permitted only upon a showing of direct relevance and a compelling need:

> [I]t has been adjudged that inquiry into one's private affairs will not be constitutionally justified simply because inadmissible, and irrelevant, matter sought to be discovered might lead to other, relevant, evidence.  "When compelled disclosure intrudes on constitutionally protected areas, it cannot be justified solely on the grounds that it may lead to relevant information."  "And even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing' of the 'compelling public need' for discovery against the fundamental right of privacy."

*Binder v. Superior Ct.*, 196 Cal. App. 3d 893, 900 (1987) (quoting *Board of Trustees*, 196 Cal. App. 3d at 525-26); *see also Britt v. Superior Ct.*, 20 Cal. 3d 844, 855-56, 859-62 (1978).  In addition, even when the plaintiff can meet the rigorous standard of demonstrating direct relevance and a compelling state interest, the order must be narrowly tailored to serve the compelling state interest.  *Binder*, 196 Cal. App. 3d at 900.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

19

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

Here, Defendants have already produced the individual Plaintiffs' time and payroll records.  It is axiomatic that the time and wage records of these third-party putative class members are protected by California's right to privacy.  Plaintiffs have demonstrated neither direct relevance nor a compelling state interest in production of this information.  Employees do not assent to disclosure of their confidential wage and time information to third parties simply because another employee decides to bring a wage and hour putative class action.  As a result, Plaintiffs have failed to meet their burden that third-party time and wage records are directly relevant and serve a compelling interest to overcome the individual right to privacy, and thus Plaintiffs' Motion should be denied.

**C.      To The Extent The Court Does Not Deny Plaintiffs' Motion In Its Entirety, The Court Should Limit The Disclosure to a 20% Random Sampling That Is Subject To A Belaire-West Opt Out Notice Procedure**

Even in situations when district courts may be inclined to allow *some* disclosure of contact information, courts typically impose significant limitations on pre-certification discovery, such as limiting disclosure of contact information for only the location at which the plaintiff worked or for only a small sample of the putative class.  *See, e.g., McCullough v. Office Depot, Inc.*, No. CV 10-04987-GHK (JEMx) (C.D. Cal. June 30, 2011) (limiting disclosure of contact information to the location in which plaintiff worked); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 508 (C.D. Cal. June 6, 2011) (limiting disclosure of information to the location in which plaintiff worked); *Bullen v. Citigroup Global Markets*, No. C-09-04117-SBA (EDL) (N.D. Cal. June 3, 2010) (limiting disclosure of putative class contact information to the region in which the name plaintiff worked); *Kaminske v. JPMorgan Chase Bank*, 2010 U.S. Dist. LEXIS 141514, at *16 (C.D. Cal. May 21, 2010) (citing *Mantolete* to limit the production to a "random sample of *ten percent* of the putative class members") (emphasis added); *Currie-White v. Blockbuster, Inc.*, 2010 U.S. Dist. LEXIS 47071, at *9-*11 (N.D. Cal. Apr. 15, 2010) (limiting disclosure of putative class member contact information to individuals to worked at approximately *2.5% of the retail stores at issue*); *DeLodder*, No. CV 08-6044-CAS (AGRx) (C.D. Cal. Oct. 20, 2009 and Dec. 18, 2009) (citing *Mantolete* and limiting request for statewide disclosures of names and contact information to *one California office*); *Franco v. Bank of Amer.*, 2009 U.S. Dist LEXIS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

20

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

111873, at *12 (S.D. Cal. Dec. 1, 2009) (citing *Mantolete* and limiting disclosure of putative class contact information to only the employees who worked in the same branch offices as the named plaintiff); *Martinet*, 2008 U.S. Dist. LEXIS 48113 at *6-7 (limiting plaintiff's discovery in putative wage and hour class action to a limited time period and to the office where named plaintiff worked); *Chu v. Wells Fargo Invest., LLC*, No. C 05-4526 (N.D. Cal. Apr. 16, 2008) (limiting disclosure of putative class member information to only those individuals plaintiff had already identified); *Keene v. Coldwater Creek, Inc.*, No. C 07-05324, *2 (N.D.Cal. Feb 28, 2008) (ordering the disclosure of identities and contact information for *a mere 0.6% of putative class*, reasoning that providing a small portion of names and addresses to plaintiffs "balances the need for individual employee information against the burden and privacy concerns."); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R. D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiff worked); *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 311-13 (D.Colo. 1998) (same).[7]

Plaintiffs' originally proposed a sampling during the parties' meet and confer, but then inexplicably changed their mind and rejected such approach. If the Court allows any production/disclosure, it should be limited to a 20% random sampling of the putative class names and addresses and a 20% random sampling of anonymous time records (but not payroll records) with personal identifying information redacted and containing only unique identifiers. In addition, should the Court order the production of any contact information or non-anonymous time or payroll records, such production should be subject to the specific opt-out notification procedure established by the California Supreme Court to address the privacy expectations of the putative class members. *See Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 373 (2007); *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App.4th 554 (2007).

---

[7] This Court has ordered sampling in other cases. In *Perez v. State Farm Mutual Automobile Ins. Co.*, Case No. C-06-01962 JW (PSG), Dkt No. 373 (N.D. Cal. June 16, 2011), this Court ordered the production of a sampling of class discovery, stating that sampling advanced the goal of proportionality set forth in Fed. R. Civ. P. 26(b)(3)(c)(iii)). Also, in *Feske v. MHC Thousand Trails Limited Partnership, et al.*, Case No. 11-CV-4124-PSG, Dkt No. 51 (N.D. Cal. April 3, 2012), the plaintiffs had proposed a randomized sample of the contact information for 2,000 out of 100,000 plus putative class members. This Court ordered production of a sampling of the contact information of putative class members, but did not rule on the sample size, leaving it to the parties' mutual agreement. *Id*.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24531688.3

21

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG

1  Specifically, before any contact information, time or payroll records are released to Plaintiffs'

2  counsel, each putative class member should receive notice of the pending disclosure, and be

3  allowed an opportunity to opt out of the disclosure of (1) their contact information, or, separately,

4  (2) their time or payroll records.

5  **IV.**   **CONCLUSION**

6        Claire's properly objected to Plaintiffs' Interrogatory No. 1 and Requests Nos. 10, 12, 14,

7  16, and 17.  Plaintiffs have not demonstrated a compelling need for individualized discovery of

8  Claire's current and former employees' private and confidential employment records.  Given

9  Claire's production to date, Plaintiffs have access to more than sufficient information to conduct

10  their investigation into whether they can satisfy the prerequisites for a class action; there is no

11  simply basis at this pre-certification stage of the litigation to impose such burden on Claire's or

12  trample the privacy rights of its current and former employees.  For these reasons, the Court

13  should deny Plaintiffs' Motion in its entirety.  Alternatively, the Court should limit the disclosure

14  to a random sample of the names and addresses for 20% or less of the putative class, subject to an

15  opt-out procedure.

16

17  Dated:  November 26, 2013          MORGAN LEWIS & BOCKIUS, LLP

18                        By:     */s/ Eric Meckley*

19                        Eric Meckley
                      Attorneys for Defendant

20                        CLAIRE'S BOUTIQUES, INC.

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/ 24531688.3

22

DEF.'S OPP. TO MOTION TO COMPEL
Case No. CV 13-00368 PSG