UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAYRA QUINTANA, et al., ) | Case No.: 5:13-cv-00368-PSG |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING-IN-PART** |
| v. ) | **PLAINTIFFS' MOTION TO COMPEL** |
| ) | |
| CLAIRE'S BOUTIQUES, INC., et al., ) | **(Re: Docket Nos. 45 and 50)** |
| ) | |
| Defendants. ) | |

Plaintiffs Mayra Quintana and Elizabeth Sanchez move to compel additional discovery from Defendant Claire's Boutiques, Inc.[1] Claire's opposes. The parties appeared for hearing. Having considered the arguments, the court GRANTS-IN-PART Plaintiffs' motion.

**I. BACKGROUND**

Plaintiffs represent a putative class of 1100 current and former non-exempt, hourly-paid managers from Claire's' retail locations. Plaintiffs' complaint alleges violations of: (1) Cal. Labor Code §§ 510 and 1198 (unpaid overtime); (2) Cal. Labor Code §§ 1194, 1197, and 1197.1 (unpaid

---

[1] *See* Docket No. 45. Claire's also seeks leave of the court to submit additional evidence and file a surreply. *See* Docket No. 50. The court GRANTS Claire's' request and will consider the additional briefing.

1

minimum wages); (3) Cal. Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (4) Cal. Labor Code §§ 226.7 (unpaid rest period premiums); (5) Cal. Labor Code §§ 201 and 202 (wages not timely paid upon termination); (6) Cal. Labor Code §§ 2800 and 2802 (unpaid business-related expenses); (7) Cal. Labor Code § 2698 ("PAGA"); and (8) Cal. Bus. & Prof. Code § 17200.

Plaintiffs served Claire's with interrogatories and RFPs seeking information related to the putative class. In particular, Plaintiffs request (1) names, addresses, telephone numbers, and employee identification numbers; (2) time and payroll records; and (3) itemized wage statements.[2] Claire's objected to the discovery requests as irrelevant, invasive, overbroad, and unduly burdensome.[3] Plaintiffs responded with the motion to compel before the court.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[4] "Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery."[5] "An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is

---

[2] *See* Docket No. 45 at 1.

[3] *See* Docket No. 46 at 1; *see also* Docket No. 45 at 6.

[4] Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).").

[5] *Khalilpour v. CELLCO P-ship*, Case No. 3:09-cv-02712-CW-MEJ, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (citing *Ellison v. Patterson-UTI Drilling*, 2009 WL 3247193 at *2 (S.D. Tex. Sept. 23, 2009) ("Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted.").

irrelevant or privileged, or that the person seeking discovery fails to show need for the information."[6]

## III. DISCUSSION

Plaintiffs seek "complete" contact information and employment records for the putative class to support their class certification motion. Despite meet-and-confer, the parties remain at an impasse. Plaintiffs believe additional discovery of percipient witnesses is necessary to establish Claire's' common policies or practices.[7] A limited sample of information should do, provided Claire's does not challenge the representative nature of that sample.

Claire's sees it differently. Because former employees have a legitimate expectation of privacy in their telephone contact information, the court should only provide a sampling of names and addresses in the produced discovery, not phone numbers.[8] Claire's argues that Plaintiffs are only entitled to payroll records for their own employment history, and those records have already been produced. The time and payroll records of all putative class members are not relevant to Plaintiffs' claims because "records showing the times that putative class members recorded by clocking in and out does nothing to substantiate supposed class 'off the clock' claims."[9]

The court agrees with Plaintiffs, but only in part. Plaintiffs have shown that the discovery sought is reasonably calculated to lead to admissible evidence on the central question of whether Claire's' alleged policies and practices were common across the putative class. Faced with similar

---

[6] *Id*. (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353, n.17 (1978) (noting that "discovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discover")).

[7] *See Feske v. MHC Thousand Trails Ltd. P'ship*, Case No: 5:11-cv-04124-PSG, 2012 WL 1123587, at *2 (N.D. Cal. Apr. 3, 2012) (While "putative class members have a legally protected interest in the privacy of their contact information, that interest must be considered along with their role as witnesses" to the issues at the heart of this case.)

[8] *See* Docket No. 46, at 14 ("In addition, current and former employees have a legitimate expectation of privacy in their telephone contact information." "In the event the Court allows disclosure of any contact information, the Court should limit such discovery to a limited sampling of names and addresses only").

[9] *Id*. at 15-16.

3
Case No.: 5:13-cv-00368-PSG
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION TO COMPEL

circumstances, courts have not hesitated to provide plaintiffs' counsel the opportunity to contact putative class members.[10]

Though Claire's contends the privacy of putative class members will be invaded by disclosure of their contact information, privacy interests in this context are not absolute.[11]  The right of privacy must be balanced against the need for discovery.[12]  While putative class members have a legally protected interest in the privacy of their contact information, that interest must yield, at least to a degree.  The right balance is struck by providing Plaintiffs' discovery of a statistically significant sample.  In the specific context of class action discovery, sampling advances the goal of proportionality advanced under Fed. R. Civ. P. 26(b)(3)(c)(iii).[13]  The court therefore ORDERS Claire's to provide a 20% sample of putative class members' information but the court leaves it to the parties to work out the particulars of how the sample is selected (e.g., cluster sampling, stratified sampling, etc.).  However, the sampling regime itself may not serve as a basis upon which to challenge the statistical sufficiency of the evidence.

The court next turns to the specific information that shall be provided in the sample. Claire's shall produce a sample that includes names, addresses, and phone numbers.  Claire's shall

---

[10] *See, e.g.*, *Sanbrook v. Office Depot*, Case No: 5:07-cv-05938-RMW-PVT, 2009 WL 840019, at *1 (N.D. Cal. Mar. 30, 2009) ("Named Plaintiff is entitled to discover this contact information because the customers who purchased repair plans are percipient witnesses of, at a minimum, what representations Defendant made regarding those plans."); *Coleman v. Jenny Craig, Inc.*, Case No.: 11-cv-301-MMA-DHB, 2013 WL 2896884, at *10 (S.D. Cal. June 12, 2013) (finding "that disclosure of the name, address and phone number of the putative class members within Plaintiff's market is discoverable").

[11] *See Khalilpour*, 2010 WL 1267749 at *3 ("Unlike privileged information, the protection afforded to privacy claims is qualified, not absolute" (citing *Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958, 966 (2008)).

[12] *Id.* (citing *Pioneer Electronics v. Sup. Ct*., 40 Cal. 4th 360, 372 (2007) ("In each case, the court must balance the right of privacy asserted against the need for discovery")).

[13] *See Perez v. State Farm Mutual Automobile Ins. Co.*, Case No. 5:06-01962-LHK-PSG, 2011 WL 2433393, at *1 (N.D. Cal. June 16, 2011) (recognizing "the general principle that the burden of document production should be proportionate to the legitimate benefit"); *see generally* Philip Favro & Paul S. Grewal, *In Practice: ESI Sampling, the New Trend*, The Recorder (Sept. 6, 2013, 2:36 p.m.) http://www.therecorder.com/id=1202618239599.

also provide time and payroll records for each sample member, but shall redact the names and social security numbers.  The parties shall meet and confer on the selection method without delay.  The generated sample must be produced within twenty-one days of this order.  The court also instructs the parties to be as transparent as possible in their execution of the agreed-upon protocol.

To safeguard the privacy interests of the sampled class, Plaintiffs shall adhere to the following limitations: (1) Plaintiffs' counsel shall inform each putative class member contacted by Plaintiffs that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiffs' counsel will terminate the contact and not contact them again; (2) Plaintiffs' counsel shall keep a list of all individuals contacted, and preserve that list so that it may be filed with the court along with Plaintiffs' certification motion; (3) Plaintiffs shall not use any of the contact information obtained for any purposes outside of this litigation.

**IT IS SO ORDERED.**

Dated: January 21, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge