UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAYRA QUINTANA, et al., | ) Case No. 5:13-cv-00368-PSG |
| Plaintiffs, | ) **ORDER GRANTING CLAIRE'S** |
| v. | ) **MOTION TO COMPEL** |
| CLAIRE'S BOUTIQUES, INC., et al., | ) **(Re: Docket No. 58)** |
| Defendants. | ) |

Before the court is Defendant Claire's Boutiques, Inc.'s motion for an order compelling Plaintiffs Mayra Quintana and Elizabeth Sanchez to produce all documents responsive to Defendant's Request for Production of Documents, Set One, Nos. 22 and 23. Plaintiffs oppose. Because the parties' papers squarely present the issues, the court finds the motion suitable for disposition on the papers.[1] After considering the arguments, the court GRANTS Claire's motion as set out below.

---

[1] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

1
Case No. 5:13-cv-00368-PSG
ORDER GRANTING CLAIRE'S MOTION TO COMPEL

## I. BACKGROUND

Plaintiffs represent a putative class of 1100 current and former non-exempt, hourly-paid managers from Claire's retail locations. Plaintiffs' complaint alleges violations of: (1) Cal. Labor Code §§ 510 and 1198 (unpaid overtime); (2) Cal. Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (3) Cal. Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (4) Cal. Labor Code §§ 226.7 (unpaid rest period premiums); (5) Cal. Labor Code §§ 201 and 202 (wages not timely paid upon termination); (6) Cal. Labor Code §§ 2800 and 2802 (unpaid business-related expenses); (7) Cal. Labor Code § 2698 ("PAGA"); and (8) Cal. Bus. & Prof. Code § 17200.

Claire's served Plaintiffs with interrogatories seeking cell phone and credit/debit card records to rebut Plaintiffs' claims that they did not receive meal or rest breaks during the course of their employment. Claire's seeks evidence to determine (1) the amount of time Plaintiffs engaged in personal activities during the workday; (2) the dates, times, and duration of personal activities Plaintiffs engaged in during the workday and (3) the frequency with which they engaged in personal activities during the workday. Despite extensive meet and confer between the parties regarding these records, the parties have not been able to resolve the issue.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[2] "Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden

---

[2] Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).").

2
Case No. 5:13-cv-00368-PSG
ORDER GRANTING CLAIRE'S MOTION TO COMPEL

shifts to the party opposing discovery."[3]  "An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information."[4]

### III. DISCUSSION

**A.    Quintana's Cell Phone Records[5]**

Claire's seeks access to Quintana's cell phone records to assess Plaintiffs' claim that they were denied meal and rest breaks and worked hours for which they were not paid throughout their entire employment.  Claire's argues, and the court agrees, that cell phone records establishing that Plaintiffs engaged in personal activities while on the clock and/or had the opportunity to take meal and rest breaks are relevant to this litigation.  Quintana's telephone records will evidence the times she made personal calls during the workday and the length of those calls.  Records of text messages similarly will evidence the times she sent and responded to personal messages during the workday.

Quintana objects to the discovery request on three grounds: she argues (1) the phone records are not relevant; (2) the request runs afoul of her right to privacy and (3) she has no duty to produce records not in her possession, custody or control.

These objections are not persuasive.

---

[3] *Khalilpour v. CELLCO P-ship*, Case No. 3:09-cv-02712-CW-MEJ, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (citing *Ellison v. Patterson-UTI Drilling*, Case No. V-08-cv-67, 2009 WL 3247193 at *2 (S.D. Tex. Sept. 23, 2009) ("Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted.").

[4] *Id*. (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978) (noting that "discovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discover")).

[5] Claire's does not move to compel Sanchez's cell phone records in light of her verified discovery response that she did not have a cell phone in her possession during her workdays at Claire's. *See* Docket No. 59-14, Ex. N at 13 ("Pursuant to the parties' meet and confer, Plaintiff explains that during her employment for Defendant, Plaintiff did not have her own cell phone, but shared a cell phone with her husband who kept the cell phone on him while Plaintiff was working her shifts for Defendant.").

First, Quintana conflates the relevance standard of Fed. R. Evid. 401 with the reasonably calculated to lead to admissible evidence standard of Fed. R. Civ. P. 26(b).  Under Rule 26(b)(1) discoverable information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[6]  Both the Supreme Court and the Ninth Circuit have accepted that the right to discovery must be "accorded a broad and liberal treatment."[7]  Quintana's cellular phone records from a phone that she admits she used during the period of her employment contain relevant information reasonably calculated to lead to the discovery of admissible evidence.[8]  That the phone records reflect more than only Quintana's

---

[6] Fed. R. Civ. Pro. 26(b)(1); *see also U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial.") (citing *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)).

[7] *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)

> We start with the premise that pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947).  If no claim of privilege applies, a non-party can be compelled to produce evidence regarding any matter "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed.R.Civ.P. 26(b)(1).  This broad right of discovery is based on the general principle that litigants have a right to "every man's evidence," *United States v. Bryan,* 339 U.S. 323, 331 (1950), and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.

[8] *See Crews, et al. v. Domino's Pizza Corp.*, Case No. 08-cv-03703-GAF-SHS, 2009 U.S. Dist. LEXIS 126718, at *9-10 (C.D. Cal. July 31, 2009).

> Cell phone records indicating that Plaintiffs engaged in personal conversation while on a work shift is directly relevant to Plaintiffs' claim that they were not allowed adequate break time.  Defendant's proffered reason for seeking such records is to find "documentary evidence available to support [its] defense that Plaintiffs took breaks and were not constantly working when they were in a store or logged on the computer system."

*See also Kamalu v. Walmart Stores, Inc.*, Case No. 1:13-cv-00627-SAB, 2013 WL 4403903 (E.D. Cal. Aug. 15, 2013)

> The Court finds that the records of the incoming and outgoing phone calls and messages and data use of Plaintiff's cell phone during the time period of her employment are directly relevant to Defendant's defense that Plaintiff was terminated for misrepresenting her working hours.  Denying access to this information would hamper Defendant's ability to present its defense in this action.  (citation omitted).

*Pedroza v. PetSmart, Inc.*, Case No. 11-cv-0298-GHK, Docket No. 44 (C.D. Cal. Dec. 2, 2011) (granting motion to compel documents evidencing personal activities in alleged misclassification case); *MAS v. Cumulus Media Inc.*, 2010 WL 4916402, at *2 (N.D. Cal. Nov. 22, 2010) (ordering the production of bank statements that evidence personal activities during work hours).  These

phone activity does not shield those records from discovery.  Claire's can obtain the records and examine Quintana in reliance on those records to suggest Quintana used her phone while taking a meal or rest break.  Quintana's counsel then can respond with evidence that it was her sister that had been using the phone.  Although the fact finder remains the ultimate arbiter of the probative value of the phone records, the records are discoverable under Rule 26.

Second, Quintana's privacy objections to the production of the discovery are addressed by the protective order in place in this case.[9]  Claire's willingness to redact third-party information also will address Quintana's privacy concerns.[10]  Finally, because Quintana put these records at issue by initiating this action, she cannot now withdraw behind privacy concerns to avoid producing relevant material.[11]

Third, Quintana has not submitted any admissible, competent evidence stating that Quintana does not have possession, custody or control of the phone records for any cell phone that she used during her employment with Claire's.[12]  In the absence of such evidence, Quintana has not demonstrated that the records are outside her custody, possession or control.

---

records also may be relevant for impeachment purposes.  *See Murray v. City of Carlsbad*, Case No. 08-cv-2121, 2010 WL 2612698, at *2 (S.D. Cal. June 25, 2010) (finding "the phone records are discoverable if for no other reason than the impeachment of Officer Luc" in granting plaintiff's motion to compel production of police officer's mobile telephone records).

[9] *See* Docket No. 44.

[10] *See* Docket No. 59-10, Ex. J at 1 ("We are willing to consider certain redactions to protect the privacy of any third parties to the extent Plaintiffs shared the phones with others.").

[11] *See Mas v. Cumulus Media Inc.*, Case No. 3:10-cv-1396-EMC, 2010 WL 4916402, at *2 (N.D. Cal. Nov. 22, 2010)

> While the Court is not unsympathetic to Plaintiff's privacy concerns, the bottom line is that Plaintiff chose to initiate this litigation seeking, *inter alia,* reimbursement of business expenses.  Therefore, Plaintiff implicitly accepted the burden of having to identify what expenses he incurred were for business.

[12] Quintana only provided only an unverified supplemental response that "Plaintiff [Quintana] explains that during her employment for Defendant, Plaintiff did not have her own cell phone, but used her sister's cell phone during non-work hours." *See* Docket No. 59-15, Ex. O at 12.

Because the records are relevant and Quintana's objections to the discovery are not persuasive, Quintana shall produce the cell phone records.

### B.    Quintana and Sanchez's Credit and Debit Card Records

Plaintiffs object to producing credit and/or bank debit card receipts and statements because they "would not be a reliable source to determine whether breaks were taken at all, because the transaction processing date on these statements would not be accurate and thus not comparable to the days Plaintiffs worked per their time records."[13]  Plaintiffs do not contend that the financial statements are not relevant to evidencing the business establishments where Plaintiffs made purchases, but counter that conclusions "drawn as to when the sales transactions actually occurred would be speculative at best, considering that these statements reflect when the transactions were billed to the bank or credit association, not the dates the sales transactions actually occurred."[14]  Plaintiffs' objection thus goes to the probative value of the evidence, not Rule 26(b)'s liberal bar.

Because Plaintiffs regularly worked multiple consecutive days in a work week, even recorded transactions that lag a few days are relevant.[15]  Purchases made at restaurants near the vicinity of the Claire's stores where Plaintiffs worked also may be relevant to test Plaintiffs' claims.[16]  Plaintiffs therefore shall produce the credit and debit card records.

All records shall be produced within fourteen days.

---

[13] Docket No. 62 at 8.

[14] *Id.* at 1.

[15] *See* Docket No. 1-1, Ex. A at ¶¶ 27, 28; Docket No. 62 at 2:3-7.

[16] Defendant may rely on the transaction location evidence to prove that Plaintiffs were able to leave the Claire's store premises for at least 10 minutes (for a rest break) to 30 minutes (for a meal break).  These records also would be evidence that Plaintiffs were able to leave the store at all – and rebut Plaintiffs' claim that they could not.  The Claire's stores where Plaintiffs worked in Santa Clara and Capitola were located in large shopping malls with an abundance of business establishments selling food and beverages.  *See* Docket No. 1-1, ¶ 27; Docket No. 62 at 2; Docket No. 63-2, Ex. 1; Docket No. 63-3, Ex. 2; Docket No. 63-3, Ex. 3.

**IT IS SO ORDERED.**

Dated: July 9, 2014

                                          _____
                                          PAUL S. GREWAL
                                          United States Magistrate Judge